A. C. BECKEN, Appellee, v. KEYSTONE MANUFACTURING JEWELRY COMPANY and the AMERICAN BONDING COMPANY, Appellants.

**Levy on mortgaged property:** STATEMENT OF MORTGAGE DEBT.
1  Where a levy under execution has been made upon mortgaged property, a statement of the mortgage indebtedness which is furnished the execution creditor within a reasonable time after demand and before the execution sale is in time; though not furnished within ten days after the levy — the time prescribed by Code Section 3981 for payment of the mortgage lien or discharge of the levy.

**Statement of mortgage indebtedness:** SUFFICIENCY. Where mort-
2  gaged property was levied upon under execution a statement of the mortgage indebtedness required by Code Section 3987, which shows the original consideration to have been the sale of goods, in settlement of which the note described in the mortgage was given and that no part of the same had been paid, is sufficient.

*Appeal from Boone District Court.*—HON. J. H. RICHARD, Judge.

MONDAY, MARCH 12, 1906.

THE opinion states the case.— *Affirmed.*

*Ira L. Cressler,* for appellants, ·

*Stevens & Fry,* for appellee.

WEAVER, J.— On April 19, 1902, one Fred L. Lingren, a retail dealer in jewelry at Boone, Iowa, being indebted to plaintiff, a wholesale dealer in the same line in the city of Chicago, Ill., gave to the latter a chattel mortgage on his stock of goods to secure the payment of a promissory note for the principal sum of $350 and interest. Thereafter the defendant Keystone Manufacturing Jewelry

Company obtained a judgment against Lingren. Execution was issued upon this judgment and levied upon the property covered by said mortgage on or about December 24, 1902. On the same day plaintiff by his attorney served upon the sheriff holding the execution a written notice of the existence of the mortgage with a demand for the release of the levy. Thereupon said execution plaintiff made and delivered to the sheriff its bond, with the said American Bonding Company as surety, to indemnify said officer against all damages he might sustain by reason of the seizure and sale of the mortgaged property under said execution. Upon January 2, 1903, the said execution plaintiff served written notice on the attorney of plaintiff herein, at Ogden, Iowa, and also, upon plaintiff in person at his place of business in Chicago, demanding a verified written statement of the nature and amount of the original debt secured by the mortgage, the date and amount of each payment thereon, and an itemized statement of the amount of said debt remaining due and unpaid. On January 10, 1903, and before the sheriff had made any sale under the said execution, the plaintiff herein did serve upon the execution plaintiff or its counsel of record a statement, properly entitled, to the effect that the original consideration of the debt was the sale of goods, wares, and merchandise, that the mortgage was received on April 19, 1902, that it was executed to secure an original indebtedness of $350, and that the full amount was unpaid. Disregarding this notice, the sheriff, under direction of said Keystone Manufacturing Company, thereafter proceeded to make sale of the mortgaged property to satisfy the said execution in its favor, and this action was brought by the mortgagee on the indemnifying bond aforesaid to recover his damages. There was a trial upon the merits, resulting in verdict and judgment for plaintiff and defendant appeals.

The only question argued by appellant in this court is the sufficiency of the notice or statement made by the plaintiff herein to the execution plaintiff to preserve the priority of

the mortgage lien over the levy of the execution. It is first objected that the notice or statement of the mortgage debt was not furnished in time. The statute (Code, section 3979) permits the levy of an execution or attachment upon the mortgaged personal property of the debtor if the officer holding the writ or the creditor whom he represents shall pay to the holder of the mortgage the amount of the mortgage debt or shall deposit the same with the clerk of the court for the use of the mortgagee. If such payment or deposit is not made within 10 days after the levy of the writ, the levy is to be discharged and the property restored, and the creditor is made liable to the mortgagee for all damages which the latter may have sustained by reason of such levy. Code, section 3981. To enable the creditor to determine the amount to be paid or tendered in order to preserve his levy upon the mortgaged property, it is the duty of the mortgagee, upon due demand therefor, to furnish a written verified statement showing the nature and amount of the original debt, the date and amount of each payment thereon, if any has been made, and an itemized statement of the amount then due and unpaid (Code, section 3987), and failure to make such statement when required operates to postpone the lien of the mortgagee to the levy made by the officer (Code, section 3989).

*1. LEVY ON MORTGAGED PROPERTY: statement of mortgage debt.*

It will be observed from the foregoing that, while the time in which the creditor levying upon the mortgaged property may proceed to remove the mortgage lien by payment or deposit of the amount of the mortgage debt is limited to the period of ten days from the levy of the writ, there is no stated limit to the time in which the mortgagee shall furnish the written statement of his claim after demand is made therefor. It follows, we think, as an elementary proposition of law, that if the statement is furnished within a reasonable time after the demand it should be held a sufficient compliance with the law. Generally speaking, we

think that, if the statement is given to the creditor before any sale under the levy has been made, it should be held sufficient. The only purpose of such statement is to inform the creditor as to the facts and enable him to form an intelligent judgment whether to release his levy, or pay off the mortgage debt, or, if so advised, to contest the amount or validity thereof, as provided by law; and this purpose would seem to be fairly effected if he receives such information before the time arrives for sale under his writ. It is argued on behalf of appellant that, as the statute requires him to make payment or deposit within ten days after the levy, it follows that the statement of the amount of the debt must be furnished to him within that period, and that by delaying the statement beyond the ten days from the levy the mortgagee may defeat the creditor's right to pay off the mortgage debt. But this conclusion is not justified. If the creditor within the ten days begins the necessary steps to secure the statement and make the proper payment or deposit, his right to proceed will not be lost if by no fault on his part the matter is not consummated until after the expiration of that period. To adopt the theory of the appellant would enable the levying creditor to wait till the last moment of the ten days before demanding a statement from the mortgagee, and then to defeat the mortgage lien because the statement is not instantly supplied. Indeed, the appellant did wait until the ninth day after the date of his levy, and after being notified of appellee's mortgage, before asking for the verified statement.

It is said that plaintiff and his attorney at first refused compliance with this demand; but, if this be so, we think the fact immaterial, so long as they did comply within a reasonable time thereafter and before the sale was made. There is not the slightest showing in the record that appellant suffered any prejudice by reason of the alleged delay, and the objection to the statement, because not furnished in due time, is not well taken.

It is next objected that the notice is not sufficient in form, in that it is not as specific as the statute requires. To this we cannot agree. While the statement is, perhaps, not very formal, we think it contains in substance all that the statute requires. It shows the original consideration to have been the sale of goods, wares, and merchandise to the amount of $350, that such indebtedness was evidenced by the promissory note described in the mortgage in controversy, and that no part of the same had been paid. The ascertainment of the amount of interest thereon, if any, was a matter of mere arithmetical computation, the omission of which could mislead no one, and its omission from the statement was immaterial. It is perhaps true that, had the mortgage debt been an open, unsettled account, an itemized statement thereof could have been insisted upon; but that question does not arise in this case.

2. STATEMENT OF MORTGAGE INDEBTEDNESS: sufficiency.

All other objections raised by the appellant are governed by our holding upon those we have discussed, and none of them disclose prejudicial error.

The judgment of the district court is therefore *affirmed*.