STATE v. FRANK D. LARRABEE.[1]

April 3, 1908.

Nos. 15,454—(23).

**Rule of the Road—City Ordinance.**

A municipal ordinance required that "every person using any vehicle on any street * * * shall drive * * * his vehicle at the right of the center of the street, and when turning to the left to enter an intersecting street, he shall not turn to the left until his vehicle shall have passed beyond the center of such intersecting street," and provided that the ordinance did not apply to two classes of cases therein defined. On the evidence in the case it is *held:*

1. That the ordinance prescribing the course which the stream of travel must take was within the police power of the city to enact.

2. That defendant's conduct as shown by the evidence brought him within the terms of the ordinance.

3. That defendant's conduct did not come within the cases excepted by the provisos of the ordinance.

Defendant was convicted in the municipal court of Minneapolis of the violation of a city ordinance in driving an automobile at the intersection of certain streets of the city. From an order, Waite, J., denying his motion for a new trial, he appealed. Affirmed.

*Benton & Molyneaux,* for appellant.

*Frank Healy* and *Clyde R. White,* for the State.

JAGGARD, J.

Appellant was arrested for unlawfully driving an automobile at a certain intersecting street crossing contrary to the terms of an ordinance. A fine of five dollars was imposed, with an alternative sentence. From an order denying a new trial, this appeal was taken.

The ordinance in question reads as follows:

"Section 1. Every person using any vehicle on any street in the city of Minneapolis shall drive or ride his vehicle at the right of the center of the street, and when turning to the left to enter an intersecting street he shall not turn to the left until his vehicle shall have passed beyond the center of such intersecting street:

[1] Reported in 115 N. W. 948.

"Provided, that when any such person shall have occasion to drive or ride on the left side of the street to reach adjoining premises, or for some other lawful purpose, he shall not cross the center line of the street more than one hundred  *  *  *  feet from the objective point on the left side:

"Provided, further, that when the street is for any reason not in suitable condition for use in its full width, or is temporarily obstructed, (1) such person may use the traveled or beaten part of the street regardless of which side of the center of the street such traveled or beaten part may be, and (2) in such case persons using vehicles (a) shall, when meeting, turn seasonably to the right of the center of the traveled or beaten part of the road, so that their respective vehicles may pass each other without interference, and (b) in passing a vehicle going in the same direction shall drive or ride to the left side of the middle of the traveled or beaten part of the road."

The parentheses are ours, and serve to indicate the co-ordination and subordination of the various parts of the last proviso.

1. Defendant insists that the ordinance must be held inapplicable to defendant in this case. The record justified the trial court in holding that the defendant was not within the first proviso because he undertook to cross the center line of the street at a place more than one hundred feet distant from the objective point on the left side. Nor is the defendant exonerated by the second proviso, because there were a number of vehicles, some standing, and some moving in the same direction with the defendant. The street was in suitable condition for use in its full width. The presence of vehicles on the side of the street in which defendant was did not constitute "a temporary obstruction" within the meaning of the proviso. On the contrary, this was appropriate use of that side of the street. All the rules prescribed by that proviso are based upon the assumption that the street is "not in suitable condition for use in its full width or is temporarily obstructed."

2. Defendant also insists that the ordinance must be held inapplicable when the streets are free from vehicles or void because it does not contain such an exception. The basis of this argument is that the area of Minneapolis is large, and there are many intersecting streets, and "that it is only in the daytime and in a small section of the city that

traffic is ever congested, and then only during a small portion of the day. * * * If the ordinance is to be held reasonable and valid and without exception, then anyone may be arrested at any time, anywhere in the city, if he does not comply with the literal terms of the ordinance." We think the trial court properly held that the ordinance, as applied to defendant, was within the police power of the city to enact. It is the universal custom for cities to prescribe the course which streams of traffic shall take. This ordinance supplanted the ordinary general law of the road, which would govern in the absence of such ordinance and in districts to which the ordinance would not apply. The necessity for such particular provisions has been emphasized, as the use of automobiles in large numbers has become more general. Motoneers of street cars, chauffeurs, drivers of ordinary vehicles and of emergency vehicles, like ambulances, fire engines, and the like, and pedestrians, depend not only for the certainty of their movements, but for their safety, upon the enforcement of such ordinances. The ordinance in question is along the line of the so-called "gyratory movement of traffic," which is quite generally regarded as the most intelligent solution of the problem. Of course, the necessity or propriety of a strict enforcement of such an ordinance must depend largely upon the extent of travel at a particular time and place. It is not, however, for individuals, but for the public authorities, to determine that question. Otherwise confusion and danger would result.

Affirmed.

LEWIS. J. (dissenting).

I dissent. The complaint reads: "* * * Did wilfully, unlawfully and wrongfully, he then and there using and driving a certain vehicle, to wit, an automobile, upon * * * Hennepin avenue, turn to the left to enter a certain street, to wit, Sixth Street North, which said street intersects said Hennepin avenue, before said vehicle had passed beyond the center line of said intersecting street. * * *" The first proviso of the ordinance is incomplete and confusing, · but it applies to defendant's movements. Defendant turned in from Hennepin avenue and stopped on the left side of Sixth street, just beyond the westerly line of Hennepin. He had a right to stop there. The ordinance does not prevent a vehicle from crossing a street from the

right to the left side and stopping in the face of the traffic coming along that side.

Conceding that the evidence was sufficient to support a finding that there was no such obstruction on the right side of Hennepin avenue which would justify defendant from crossing over to the left side, he was not charged with that offense, and that evidence has no bearing upon the offense charged. Had he proceeded along the right side of Hennepin to the intersection of Sixth street, he would have been entitled, under the first proviso, to turn into the left side of Sixth, if destined to a point within one hundred feet. According to the evidence the defendant stopped on the southerly side of Sixth street within one hundred feet from the point where he intersected that street when he approached it from Hennepin. The ordinance does not require a vehicle to perform the unnecessary act of crossing over a street and then returning again, when the point of destination is within one hundred feet from its original position and on that side.