[Civ. No. 4506. First Appellate District, Division Two.—January 2, 1924.]

## J. C. FARRAR et al., Respondents, v. A. S. WHIPPLE et al., Appellants.

[1] MOTOR VEHICLE ACT—BLOCKED HIGHWAY—CONSTRUCTION OF SECTION 20.—The meaning of subdivision a of section 20 of the Motor Vehicle Act as amended (Stats. 1919, p. 215) is that if the right-hand side of the highway is clear and passable it is the duty of the operator of an automobile to use that portion of it, but if the right-hand portion of it is blocked or impassable the operator may use the left-hand portion of it, giving way at all times to the traffic which is approaching in the other direction.

[2] NEGLIGENCE—COLLISION WITH TOWED CAR—EVIDENCE.—In this action by a husband and wife for damages for personal injuries suffered by the latter and for damage to the automobile of the former as the result of a collision between it and another car that was being towed, the accident happening on a public highway while the machines were going in opposite directions and while they were passing a number of machines that were parked on the west side of the highway along which the towed car was traveling, the evidence showed that the car that was doing the towing was being operated strictly in accordance with the terms of the statute and that the injuries were caused solely by the careless and negligent manner in which the owner of the towed car operated same.

[3] ID.—PERSONAL INJURIES AND PROPERTY DAMAGES—PLEADING—JOINDER.—Under the provisions of subdivision 8 of section 427 of the Code of Civil Procedure, an action for damages for the wrecking of the automobile of the husband may be joined with an action for damages for the injuries suffered by the wife as the result of the same accident.

[4] ID. — DAMAGES — EVIDENCE — FINDINGS. — In this action by a husband and wife for damages for personal injuries suffered by the latter and for damage to the automobile of the former as the result of a collision with an automobile being towed by one of the defendants, but which was owned and steered by the other, the trial court had before it sufficient competent evidence to justify its finding as to the damage to the automobile of the husband.

1. Right or duty to turn in violation of law to avoid traveler, or obstacle, note, 24 A. L. R. 1304.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Louis V. Crowley for Appellants.

Thos. D. Johnston for Respondents.

NOURSE, J.—This is an appeal by the defendants from a judgment entered against both of them for damages arising out of personal injuries to the plaintiff Josephine Farrar and for damages to the property of plaintiff J. C. Farrar, her husband.

The facts of the case are that the two plaintiffs were riding in an automobile owned and operated by plaintiff J. C. Farrar upon one of the public highways in the county of Contra Costa. The defendant Gielow was operating his automobile on the same highway in an opposite direction and at the time of the collision hereinafter referred to was towing an automobile owned and steered by the defendant Whipple. The car of the defendant Whipple had broken down a short time before and the defendant Gielow, at the former's request and without compensation, was towing his car with an ordinary tow-line of about fifteen feet in length. A short time before the collision another accident had happened on the highway in question and a number of cars were parked along the west side of the highway with their left-hand wheels standing about one foot within the paved portion of the highway. As the defendants approached these parked cars the defendant Gielow turned to the left and continued his course along the highway at a rate of speed of about ten or twelve miles an hour. At the same time the plaintiffs, approaching in another direction, passed Gielow's car as they proceeded upon their right-hand side of the paved portion of the highway as far to the right as it was possible for them to travel without getting off the highway. The defendant Whipple while steering his car at this point directed his attention to the scene of the former accident and was looking at a man and woman who were lying upon the ground at the

time. In doing this he failed to follow the line of the towing car but turned his wheel directly to the left and into the car of the plaintiffs, causing the injuries which are the basis of the action. The paved portion of the highway at that point was about sixteen feet, while the dirt road beyond the paved portion of the highway extended about eight feet. At the time of the collision the plaintiffs' automobile was almost entirely off the paved portion and running slowly upon the dirt side road. Judgment was rendered in favor of the plaintiffs, making an award for personal injuries suffered by the wife and also for the cost of repairing the automobile of the husband.

But two points raised on the appeal require consideration: First, whether there is any showing of negligence on the part of the appellant Gielow; and, second, whether the cause of action for damages to the personal property of the husband could be joined in the same action with the cause of action on the part of the husband and wife for personal injuries suffered by the wife alone.

[1] Upon the first point respondents rely upon the provisions of section 20 of the Motor Vehicle Act as amended (Stats. 1919, p. 215, subd. a), which reads: "On all occasions the driver or operator of any vehicle in or upon any public highway shall travel upon the right half of such highway unless the road ahead on the left-hand side is clear and unobstructed for at least one hundred yards ahead and in all cases while crossing an intersecting highway." The same subdivision, however, requires an operator to travel upon the right-hand side of a highway "wherever practicable." The clear meaning of the section is that if the right-hand side of the highway is clear and passable it is the duty of the operator of an automobile to use that portion of it, but if the right-hand portion of it is blocked or impassable the operator may use the left-hand portion of it, giving way at all times to the traffic which is approaching in the other direction. [2] Here the uncontradicted evidence is that the paved portion of the highway was sixteen feet wide; that beyond the paved portion was a dirt road eight feet wide; that the right-hand portion of the highway was blocked by machines which were parked thereon, making it necessary for the appellants to turn slightly to their left. These parked machines occupied

about one foot of the paved portion of the highway, leaving for traffic in both directions a space of fifteen feet. It further appeared that these cars were all standard width, to wit, about six feet. There was, therefore, even upon the paved portion of the highway ample room for the cars of both appellants and respondents to pass, and there was no attempt to show that Gielow was traveling to the left of the center of the paved portion of the highway. So far as this appellant was concerned, he was, therefore, proceeding strictly within the terms of the statute and no act of his was the proximate cause of the resulting injury. It stands in the record without conflict that the injuries were caused solely by the careless and negligent manner in which the appellant Whipple steered his car, and that but for this negligence the accident would not have happened. There is, therefore, nothing in the record to show negligence on the part of the appellant Gielow, and for that reason the judgment as to him must be reversed.

[3] On the second point it is argued that an action for damages to personal property of the husband cannot be joined with an action for damages for personal injuries sustained by the wife alone. Subdivision 8 of section 427 of the Code of Civil Procedure is cited. This reads in part that in any action brought by the husband and wife all consequential damages suffered or sustained by the husband alone may be alleged and recovered without sepa-- rately stating them, and "that causes of action for injuries to person and injuries to property, growing out of the same tort, may be joined in the same complaint, and it is not required that they be stated separately." By the terms of the section the husband may be joined with his wife in suing for consequential damages resulting from personal injuries sustained by the wife alone. His action then becomes an action for damages for personal injuries, and as such is within the terms of that portion of the section which has just been quoted and which authorizes the joinder of an action for injuries to person and property growing out of the same tort.

[4] Criticism is also made as to the want of proof of the injuries to the automobile, but upon the whole record we believe that the trial court had sufficient competent evi-

dence to sustain the finding as to the respondents' damage in that particular.

The judgment against the defendant Whipple is affirmed and that against defendant Gielow is reversed.

Langdon, P. J., and Sturtevant, J., concurred.