[Civ. No. 6186.   Second Appellate District, Division Two.—December 12, 1930.]

T. O. ORRICK et al., Respondents, v. J. P. HOEPTNER, Appellant.

Leroy Reames and James R. Jaffray for Appellant.

D. Z. Gardner for Respondents.

THOMPSON (IRA F.), J.—Plaintiffs, husband and wife, brought this action for personal injuries to the wife, for medical expenses incurred, and property damage, all growing out of the collision of defendant's and plaintiffs' automobiles on the twentieth day of December, 1927. The court awarded judgment to plaintiffs in the sum of $960 for the injuries to the wife, medical expenses incurred by her and for damage to their automobile. From this judgment defendant appeals.

Appellant's contentions are substantially that there was a misjoinder of parties plaintiff, and that there were two causes of action not separately stated. These same contentions were embodied by him in a demurrer in the lower court, which was overruled.

The case of *Farrar* v. *Whipple*, 65 Cal. App. 123 [223 Pac. 80], is squarely in point and we see no reason which compels us to depart from the rule there announced. In that case the defendants appealed from a judgment entered against them for damages arising out of personal injuries to the plaintiff Josephine Farra and for damages to the automobile of the husband.

On page 126 of the report the court says: "[I]t is argued that an action for damages to personal property of the husband cannot be joined with an action for damages for personal injuries sustained by the wife alone. Subdivision 8 of section 427 of the Code of Civil Procedure is cited. This reads in part that in any action brought by the husband and wife all consequential damages suffered or sustained by the husband alone may be alleged and recovered without separately stating them, and 'that causes of action for injuries to person and injuries to property, growing out of the same tort, may be joined in the same complaint, and it is not required that they be stated separately'. By the terms of the section the husband may be joined with his wife in suing for consequential damages resulting from personal injuries sustained by the wife alone. His action

then becomes an action for damages for personal injuries, and as such is within the terms of that section which has just been quoted and which authorizes the joinder of an action for injuries to person and property growing out of the same tort." (See, also, *Meek* v. *Pacific Elec. R. Co.*, 175 Cal. 53 [164 Pac. 1117]; *Fassett* v. *Nascimiento*, 108 Cal. App. 14 [291 Pac. 269].)

The construction given to section 427 in *Farrar* v. *Whipple, supra,* is conclusive upon the appellant here.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.