**Richard FIESTER and Richard Ferreter, Executors of the Estate of Leo Burns, Deceased, Plaintiffs–Appellees,**

v.

**PRODUCTION CREDIT ASSOCIATION, Defendant–Appellant.**

No. 87–1123.

Court of Appeals of Iowa.

May 31, 1988.

William S. Smith, Waterloo, for defendant-appellant.

Robert J. Pattee, Independence, for plaintiffs-appellees.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case addresses the issue of whether a secured creditor loses its priority interest in personal property when the personal property has been levied on by a judgment creditor and the judgment creditor makes a demand for a statement of indebtedness under Iowa Code section 626.-42 and the secured creditor fails to furnish to the creditor a statement as to the amount of indebtedness. We hold the failure to furnish a statement of the amount of indebtedness resulted in the loss of the secured party's priority. We affirm the trial court.

The relevant facts are that plaintiff, The Leo Burns Estate, had a judgment for $82,-946.51 against Jerald Burco. The estate sought to levy against Burco's beans. The beans were worth about $20,000. The beans were covered under a security agreement given to Production Credit Association (PCA) by Burco. After the sheriff levied on the beans, sale was set for February 26, 1985. PCA notified the sheriff they had a lien on the beans. On February 26, 1985, the estate delivered to PCA a demand

for statement of indebtedness under section 626.42 which provides:

> For the purpose of enabling the attaching or execution creditor to determine the amount to be tendered or deposited to hold the levy under the writ of attachment or execution, the person entitled to receive payment of the secured debt shall deliver to any such person, upon written demand therefor, a statement in writing under oath, showing the nature and amount of the original debt, the date and the amount of each payment, if any, which has been made thereon, and an itemized statement of the amount then due and unpaid.

The sheriff's notes reflect the sale was not held on February 26, 1985, because there were no bidders. The county attorney directed the estate to post a $38,000 bond. The bond was posted. On March 1, 1985, the beans were sold for $19,026.13. On March 8, 1985, the estate filed a petition in equity seeking among other things for the court to determine PCA had failed to make a statement under section 626.42 and consequently the priority of its security interest was postponed. PCA answered and claimed a prior security interest. The estate claims its interest became superior to PCA's by virtue of section 626.48, which provides:

> A failure to make the statement, when required as above provided, shall have the effect to postpone the priority of the security interest and give the levy of the writ of attachment or execution priority over the claim of the holder thereof.

█ The case ultimately came on for hearing. The trial court found the estate had made a demand under section 626.42 and because no writing under oath was provided under section 626.48 PCA's security interest was postponed giving the estate priority. PCA appeals contending their interest in the beans is superior and they furnished to the estate necessary information so as to comply with the statute. The statute does not specify the period of time in which PCA was required to furnish the written statement after demand was made. If the statement is furnished within a reasonable time after demand is made it is sufficient to comply with the law. *Becken v. Keystone Jewelry Co.*, 130 Iowa 208, 210, 106 N.W. 622, 623 (1906).

We need not address the issue of reasonable time because PCA did not provide a written statement setting forth those things required by the statute at any time. Unquestionably, the estate had knowledge PCA had a security interest in the beans. PCA seems to feel the estate's knowledge of the security interest alone is all that is necessary. Section 626.42 clearly requires the secured party to provide the amount of original debt, the amount of each payment, if any, which has been made and an itemized statement of the amount due and unpaid. The purpose of a statement under section 626.42 is to give the creditor the facts so he can determine whether he should release his levy, pay off the secured party or contest the amount or validity of the security interest. *Becken*, 130 Iowa at 211, 106 N.W. at 623.

█ Although PCA contends in their brief Burco's obligation to them exceeds one million dollars, PCA makes no reference to where in the record this information appears. *See* Iowa R.App.P. 14(a)(5). We have attempted to ascertain from this record the amount of indebtedness to PCA at the time the statement was requested. We have been unable to do so. To date PCA still has not set forth the amount of Burco's original debt, the amount of payments made and the balance due them which the statute clearly provides for. The mere communication by PCA of the existence of a security interest in the beans is insufficient to meet the requirements of the statute. We affirm the trial court on this issue.

PCA next contends the trial court erred in reinstating the case after it had been dismissed under Iowa Rule of Civil Procedure 215.1. We find no abuse of the trial court's discretion in ordering the reinstatement. *See* Iowa R.Civ.P. 215.1.

AFFIRMED.