HOME PRIDE FOODS OF
IOWA, INC., Appellee,

v.

Lynn MARTIN, Appellant,

and

Nebraska State Bank of Omaha,
Intervenor–Appellee.

No. 03–0540.

Supreme Court of Iowa.

July 21, 2004.

Joseph M. Barron and Lee P. Hook of Peddicord, Wharton, Spencer & Hook, L.L.P., Des Moines, for appellant.

Jennifer Jaskolka–Brown of Sullivan & Ward, Des Moines, and Joseph G. Bertroche, Sr. of Bertroche Law Offices, Des Moines, for appellee.

Eric F. Turner of Turner Law Offices, West Des Moines, for intervenor-appellee.

CARTER, Justice.

Lynn Martin, a judgment creditor of Home Pride Foods of Iowa, Inc. (Home Pride), appeals from a judgment in garnishment proceedings rejecting her effort to subordinate a prior security interest of the intervenor, Nebraska State Bank (NSB), to her garnishment of certain accounts receivable owing to Home Pride. The issues on appeal all relate to Martin's contention that NSB's failure to provide information concerning its secured debt, as required by Iowa Code section 626.42, triggers a subordination of its secured claim pursuant to Iowa Code section 626.48.

The district court had concluded that Martin's request for the information was insufficient to comply with section 626.42, that NSB's response was sufficiently timely to preclude subordination of its secured interest, and that, because Martin was not a levying creditor at the time of her request, she may not rely on the provisions of section 626.42. After reviewing the record and considering the arguments presented, we conclude that it is not necessary to determine the sufficiency of Martin's notice to comply with section 626.42. As to the other matters decided by the district court, we conclude that, if the procedures contemplated by section 626.42 apply to garnishments, they are only available to judgment creditors who have completed garnishment of assets subject to a prior security interest. If Martin's request is considered to have continuing viability subsequent to the time that her garnishment was perfected, we are satisfied that NSB's response was sufficiently timely to preclude subordination of its lien pursuant to section 626.48. Consequently, we affirm the judgment of the district court.

On February 15, 2002, Martin recovered a judgment by jury verdict against Home Pride in the amount of $127,931. In an attempt to enforce that judgment, Martin, prior to the ruling in the present case, caused three sequential executions to be issued. The first two executions issued on July 3, 2002, and September 24, 2002, respectively, were both returned unsatisfied. While the September 24 execution was still outstanding, Martin conducted a judgment examination of Home Pride and learned of several outstanding accounts receivable. It was also informed that Home Pride believed that all these accounts were subject to a security interest held by NSB.

On October 17, 2002, while the second execution was still viable, Martin's counsel wrote to a vice president of the bank (previously alerted to her interest by telephone) and made the following request:

Please provide a statement of the nature and amount of the original debt of Home Pride Foods of Iowa, Inc., the date and amount of each payment that has been paid on this account and an itemized statement of the amount currently due and unpaid.

Accompanying this request was a copy of Martin's judgment against Home Pride. On October 31, 2002, NSB responded as follows:

In your letter dated October 18, 2002, you requested account information in regards to Home Pride Foods of Iowa, Inc. Unfortunately without the consent of the principal of Home Pride Foods of Iowa, Inc. this information will not be released even in [view] of your judgment.

Martin's second execution was returned to the clerk unsatisfied on November 7, 2002.

A third execution issued on November 13, 2002, and resulted in the garnishment of accounts receivable totaling approxi-

mately $39,885.[1] On November 22, 2002, NSB wrote to Martin's attorney, stating:

> I have received your letter of October 18, 2002, to Steve Sorenson at Nebraska State Bank. I have obtained the permission of Mr. Brice Johnson [Home Pride's CEO] to respond to your questions. Accordingly, please allow the accompanying document to serve as response to your inquiry pursuant to ICA § 626.42.

Accompanying that letter was an itemized statement of the extent of NSB's security interest in the accounts receivable that are in controversy in this litigation.

On December 18, 2002, NSB intervened in the garnishment proceedings and filed a motion to quash the garnishment and enjoin execution on the judgment. A hearing was held on February 7, 2003, and the district court ruled as previously stated.

### I. Scope of Review.

Factual issues in garnishment proceedings are tried at law. Iowa Code § 642.11. Consequently, our review is for the correction of errors at law. Iowa R.App. P. 6.4.

### II. Whether a Creditor Who Has Not Levied or Garnished is Entitled to Demand the Information Contemplated by Section 626.42.

To aid in determining the meaning of Iowa Code section 626.42, we deem it helpful to consider the statutory scheme in which it arises. At the outset of this inquiry, we note that personal property subject to a security interest may be taken on attachment or execution subject to certain conditions. This is recognized by the following statutory provision:

Personal property subject to a security interest not exempt from execution may be taken on attachment or execution issued against the debtor, if the officer, or the attachment or execution creditor, within ten days after a levy, shall pay to the secured party the amount of the secured debt and interest accrued, or deposit the same with the clerk of the district court of the county from which the attachment or execution issued, for the use of the secured party, or secure the same as in this chapter provided.[2]

Iowa Code § 626.34. To assure compliance with this provision, the statutes further provide:

If within ten days after such levy the attachment or execution creditor does not pay the amount, make the deposit, or give the security required, the levy shall be discharged, and the property restored to the possession of the person from whom it was taken and the creditor shall be liable to the secured party for any damages sustained by reason of such levy.

Iowa Code § 626.36.

The statute that gives rise to the present dispute provides as follows:

For the purpose of enabling the attaching or execution creditor to determine the amount to be tendered or deposited to hold the levy under the writ of attachment or execution, the person entitled to receive payment of the secured debt shall deliver to any such person, upon written demand therefor, a statement in writing under oath, showing the nature and amount of the original debt, the date and the amount of each payment, if any, which has been

---

1. The completed answers to the garnishment were not made by Home Pride's creditors until November 22, 2002.

2. In the alternative, an indemnifying bond may be provided pursuant to Iowa Code section 626.54.

made thereon, and an itemized statement of the amount then due and unpaid.

Iowa Code § 626.42. Failure to so respond "shall have the effect to postpone the priority of the security interest and give the levy of the writ of attachment or execution priority over the claim of the holder thereof." Iowa Code § 626.48.

At the outset of our inquiry, we note that the statutes under consideration make no mention of garnishment proceedings. They refer to situations in which personal property has been levied upon preparatory to selling such property to satisfy a judgment. The writ of execution provides the requisite authority for the subsequent undertaking to seize and sell the property and apply the proceeds on the judgment. In those situations, things move quite rapidly. The property is seized or inventoried and advertised for sale. In garnishment proceedings, the funds are either returned to the sheriff or the garnishees suffer judgments against themselves for the amount duly owing the judgment debtor. Both of these situations require further action by the court before the funds are applied on the judgment.

It can be argued that the procedures applicable to levying on and selling assets subject to a prior security interest, which envision a deposit of money or furnishing a bond to hold the levy in place, are unnecessary and inappropriate in garnishment proceedings where all these matters can be thrashed out in a court hearing before any of the garnished funds are released. We need not decide this question in the present case, however, because the arguments of both parties assume that the provisions of section 626.42 and section 626.48 apply equally to situations involving garnishment and those involving levy and sale of personal property.

The district court concluded that the procedures contemplated by section 626.42 and section 626.48 were only available to judgment creditors who had by levy or garnishment created a security interest competing with a prior security interest of the party from whom the information described in section 626.42 was requested. The situation that is described in section 626.42 and section 626.48 supports that conclusion. Statutory words and phrases are ordinarily to be interpreted according to the approved usage of the language employed and the context in which it appears. *Kearney v. Ahmann*, 264 N.W.2d 768, 769–70 (Iowa 1978). When interpreting statutory provisions, we examine their usage in context in order to discover the purpose of the provision and its relationship with other statutory provisions in the same chapter. *Dubuque Casino Belle, Inc. v. Bair*, 562 N.W.2d 605, 607 (Iowa 1997).

The stated purpose of section 626.42 is to permit a judgment creditor who has levied to secure the information necessary to tender a deposit or indemnifying bond to hold the levy or garnishment in force. The subordination of a prior secured claim that occurs under section 626.48 is a subordination to "the levy of the writ of attachment or execution." Assuming that these rules apply to garnishments, the statutes would operate to subordinate a prior security interest to a judgment creditor's acquisition of the secured accounts by garnishment. Martin maintains that NSB's refusal to respond was final and complete on October 31, 2002. At that time, there was no completed garnishment to which NSB's prior security interest could be subordinated. No garnishment of accounts was completed by Martin until after the second execution (the one outstanding on October 31, 2002) was returned unsatisfied. Consequently,

on October 31, 2002, Martin had no interest in the accounts to which NSB's security interest might be subordinated. The district court correctly concluded that Martin had no rights under the statute at this time.

### III. *The Timeliness of the Response if Martin's Request is Viewed as a Continuing Demand at the Time that Garnishment Was Completed.*

If we assume that Martin's request for information in her October 18, 2002 letter was a continuing demand with legal significance after she had obtained an interest in the accounts via garnishment, we are satisfied that the November 22, 2002 response by NSB was sufficiently timely to preclude subordination of the latter's security interest under section 626.48. Martin's third execution was issued on November 13, 2002. The first completed answers to the garnishment were not received until November 22, 2002, the same day as NSB's section 626.42 response.

In *Becken v. Keystone Manufacturing Jewelry Co.*, 130 Iowa 208, 106 N.W. 622 (1906), the holder of a prior security interest initially refused the request of a levying creditor to provide the information specified in section 3987 of the 1897 Code of Iowa (identical in all material respects with current section 626.42), but later complied with the request. In finding such compliance to be timely, this court stated:

> [T]here is no stated limit to the time in which the mortgagee shall furnish the written statement of his claim after demand is made therefor. It follows, we think, as an elementary proposition of law, that if the statement is furnished within a reasonable time after the demand it should be held a sufficient compliance with the law. Generally speaking, we think that, if the statement is given to the creditor before any sale under the levy has been made, it should be held sufficient. . . .
>
> It is said that plaintiff and his attorney at first refused compliance with this demand; but, if this be so, we think the fact immaterial, so long as they did comply within a reasonable time thereafter and before the sale was made.

*Becken,* 130 Iowa at 210–11, 106 N.W. at 623. If section 626.42 is to be applied to garnishments, we are satisfied that, in the present case, the requested information was supplied within a reasonable time for purposes of accommodating the statutory scheme.

Based on our consideration of the issues presented, we conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.