*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT HUFF,

                Plaintiff-Appellee/Cross-Appellant,

v

VELO ASSOCIATES, PLC, doing business as
VELO LAW, doing business as VELO LAW
OFFICE, doing business as VELO GROUP, also
known as VELO GRPU, doing business as VELO
COLLECT, doing business as VLO, doing business
as SEVENTEEN FIFTY CAPITAL, also known as
SEVENTEEN FIFTH CAPITAL, doing business as
VELO, and SCOTT RENNER,

                Defendants-Appellants/Cross-
                Appellees.

UNPUBLISHED
January 12, 2023

No. 357975
Wayne Circuit Court
LC No. 20-014526-AV

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Defendants, Velo Associates, PLC (including the many names under which it does business) and attorney Scott Renner, appeal by leave granted a circuit court order affirming a district's court's order. The district court's order granted summary disposition in favor of plaintiff, Robert Huff, on Counts I and III of plaintiff's complaint, but stated that the court was "making no finding one-way [sic] or the other on Plaintiff's Count II." On appeal, defendants argue that the district court erred by granting summary disposition in favor of plaintiff on Counts I and III, and by not granting summary disposition in favor of defendants on Count II. Plaintiff cross-appeals the same order, contesting the district court's decision to not grant summary disposition in his favor on Count II. This Court's order granting the application for leave to appeal directed the parties "to address whether the circuit court had jurisdiction to consider the [district court] appeal." *Huff v Velo Assoc, PLC*, unpublished order of the Court of Appeals, entered January 31, 2022 (Docket No. 357975). We conclude that the circuit court's order is void for lack of jurisdiction because the district court's order was not a final order. Therefore, we dismiss this appeal.

-1-

## I. BACKGROUND

This case arises from plaintiff's purported breach of a manufactured-home lease agreement and defendants' subsequent attempts to recover the debt owed. Defendants represented the home's landlord, Sun Homes, and filed suit in district court. Defendants attached to the complaint a contract signed by plaintiff which covered the period from July 1, 2010, through June 30, 2011. Defendants later admitted, however, that the damages they sought to recover accrued *after* June 2011. In their eventual motion for summary disposition, defendants contended that those damages were owed under a month-to-month provision in the 2010 contract attached to their complaint. Then, one week before trial, defendants attached to their reply brief a different lease covering the term of July 1, 2011, through June 30, 2012, and shifted to arguing that the damages they sought to recover actually related to a breach of *this* lease. The district court proceeded to dismiss defendants' suit with prejudice because defendants failed to produce the pertinent contract in a timely manner.[1] This dismissal was appealed, and the circuit court affirmed the decision.

Plaintiff thereafter filed a complaint against defendants in district court, alleging violations of Michigan's regulation of collection practices act (RCPA), MCL 445.251 *et seq*. Count I alleged that defendants violated the RCPA by suing on a contract paid in full and appealing the dismissal; Count II alleged that defendants violated the RCPA by falsely claiming an amount of interest as "due"; and Count III alleged that defendant violated the RCPA by suing in the name of Sun Homes when Account Adjustment Bureau, Inc. (AAB), actually owned the debt.

The parties filed competing motions for summary disposition. Plaintiff moved for summary disposition under MCR 2.116(C)(9) and (10), while defendants moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). The district court denied defendants' motion in full and granted summary disposition in favor of plaintiff on Counts I and III, but declined to address Count II. Defendants appealed to the circuit court as of right, asserting that the district court order was a final order pursuant to MCR 7.102(8) and MCR 7.202(6)(a)(*i*). The circuit court affirmed the district court's decision, and this appeal followed.

## II. CIRCUIT COURT'S JURISDICTION

The order granting defendants' application for leave to appeal directed the parties to address whether the circuit court had jurisdiction to hear the appeal from the district court. Whether a lower court had subject-matter jurisdiction is a question of law that this Court reviews de novo. *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000). The interpretation and application of court rules is also reviewed de novo. *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014).

Plaintiff listed three alleged violations of the RCPA in his complaint, each corresponding with a particular count. In his motion for summary disposition, plaintiff sought to hold defendants liable on all three counts. The district court's order states, in pertinent part:

---

[1] The district court dismissed the action as a sanction for the late production, concluding that plaintiff was surprised and unfairly prejudiced by the late production of this document.

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motions for Summary Disposition pursuant to MCR 2.116(C)(9) and MCR 2.116(C)(10) is GRANTED as to COUNT I and COUNT III ONLY, the Court adopting Plaintiff's briefs, but making no finding one-way [sic] or the other on Plaintiff's COUNT II[.]

The order also provided that plaintiff was entitled to a judgment or damages in the amount of $17,085 and that plaintiff was entitled to an award of reasonable attorney fees pursuant to MCL 445.257(2). The court noted that it would schedule a hearing on plaintiff's motion for attorney fees separately. The order closed with, "This is not a final order disposing of all claims."

It is well established that courts speak through their written orders and not their oral pronouncements. *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 387-388; 853 NW2d 421 (2014), citing *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). The district court's order plainly provides that the court was only deciding Counts I and III of plaintiff's complaint and that it was expressly declining to adjudicate Count II in any manner. The court even stressed this by reiterating that its order "is not a final order disposing of all claims." Thus, the order made it clear that the district court only disposed of Counts I and III, leaving Count II pending.

Defendants attempted to appeal this order as of right to the circuit court. Appeals to the circuit court are governed by MCR 7.103. MCR 7.103(A) addresses appeals of right and provides that the circuit court has jurisdiction to hear an appeal of "a final judgment or final order of a district . . . court." MCR 7.103(A)(1). "Final order" is defined by MCR 7.102(8), which incorporates the definition from MCR 7.202(6). MCR 7.202(6)(a)(*i*), in turn, provides that a "final order" in a civil context is "the first . . . order that disposes of all the claims *and* adjudicates the rights and liabilities of all the parties." (Emphasis added.) Thus, a final order needs to *both* dispose of all claims *and* adjudicate the rights and liabilities of the parties.[2]

Although plaintiff and defendants each aver that the district court order adjudicated the rights and liabilities of the parties by providing that plaintiff was entitled to a judgment in the amount of $17,085, the district court did not dispose of plaintiff's Count II claim. The requirement that there be both a disposition of all claims and an adjudication of rights and liabilities for an order to be considered "final" is highlighted in *Detroit v Michigan*, 262 Mich App 542; 686 NW2d

---

[2] The proposition that only an order which (1) disposes of all claims *and* (2) adjudicates the rights and liabilities of the parties is appealable as of right finds additional support in MCR 2.604(A), which provides that, with exceptions not applicable here:

[*A*]*n order or other form of decision adjudicating fewer than all the claims*, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties. Such an order or other form of decision *is not appealable as of right before entry of final judgment*. A party may file an application for leave to appeal from such an order.

514 (2004). There, this Court held that it lacked jurisdiction to hear an appeal as of right because, although the appealed order *disposed* of all the claims, the stipulated dismissal without prejudice of some of the claims did not *adjudicate or resolve* those claims. *Id*. at 545. This case presents the opposite scenario, where the order adjudicates the rights and responsibilities of the parties without disposing of all the claims. Additionally, in cases similar though not directly analogous to this one, this Court has held that an order adjudicating some but not all of a plaintiff's claims is not a final order. See *McCarthy & Assoc, Inc v Washburn*, 194 Mich App 676, 680-681; 488 NW2d 785 (1992) (holding that this Court did not have jurisdiction over an order that disposed of some but not all of the plaintiff's claims because the order was not a "final order"); *Derbeck v Ward*, 178 Mich App 38, 42; 443 NW2d 812 (1989) (same).[3]

Accordingly, we conclude that the circuit court lacked jurisdiction to hear the appeal as of right. For that reason, its order affirming the district court's order is void. *Altman v Nelson*, 197 Mich App 467, 472-473; 495 NW2d 826 (1992). As this is the order being appealed, there is no valid order for this Court to review, and so we dismiss this appeal.

Dismissed.


/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[3] We note that if an order is not appealable as of right to this Court, we can, in our discretion, treat the appeal as on leave granted. See, e.g., *Detroit*, 262 Mich App at 546; *Derbeck*, 178 Mich App at 42. That option is not applicable in this matter, however, because the question is not whether *this Court* has jurisdiction, but whether *the circuit court* had jurisdiction. While the circuit court may have been able to treat defendants' appeal of right as an application for leave to appeal, it did not.