WOODYARD *v.* BARNETT.

1. DAMAGES—PERSONAL INJURIES—PLEADING.
    A plaintiff is not entitled to claim damages for personal injuries because of negligence of defendant's decedent, a motorist, where declaration failed to claim plaintiff was entitled to recover because of such injuries that interfered with performance of his usual work on his farm.

2. SAME—PERSONAL INJURIES—HARVESTING OF SUGAR BEET CROP.
    Testimony in farmer's action against estate of deceased motorist who had collided with rear end of tractor and trailer failed to afford a reasonable basis for determining what portion of unharvested sugar beet crop was left in the ground because of plaintiff's inability to operate his harvesting equipment, following its repair, hence, no recovery may be had for his inability to harvest such crop because of personal injuries.

REFERENCES FOR POINTS IN HEADNOTES
[1]  15 Am Jur, Damages §§ 305, 306.
[3]  Generally as to mitigation of damages, see 15 Am Jur, Damages § 192.
[5–8]  15 Am Jur, Damages § 66 *et seq.*

3. SAME—MITIGATION—HARVESTING SUGAR BEETS.

Plaintiff may not be charged with failure to mitigate damages in action for damages to sugar beet harvesting equipment by reason of not renting equipment to harvest remainder of his crop of sugar beets, which was not designed for the purpose, where such equipment was only procurable at a higher cost than that especially adapted for such function.

4. SAME—DELAY IN REPAIRING HARVESTING EQUIPMENT.

Delay of 1 day in making repairs to harvesting equipment which was damaged by reason of negligence of defendant's decedent who was killed when he collided with rear end of such equipment may not be charged to decedent, where such delay was because plaintiff wanted to have pictures taken of the damaged equipment.

5. SAME—TORTS—FORESEEABLE CONSEQUENCES—PROXIMATE CAUSE.

A tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not by him although, according to common experience, might reasonably have been anticipated, but remote, contingent, or speculative damages will not be considered.

6. SAME—TORTS—PROXIMATE CAUSE.

To render a wrongdoer liable in damages in a tort action where the connection is not immediate between the injurious act and the consequences, such nearness in the order of events and closeness in the relation of cause and effect must subsist, as that the influence of the injurious act would predominate over that of other causes, and concur to produce the consequence or be traceable to those causes.

7. SAME—TORTS—PROXIMATE CAUSE.

Damages recoverable in consequence of a tort are only such as are proximately caused by the tort.

8. SAME—HARVESTING BEETS—EVIDENCE—CONJECTURE.

Amount of damages for which verdict was directed for plaintiff, a farmer, against estate of decedent motorist is not disturbed so as to permit plaintiff to recover for loss of part of sugar beet crop, where recovery for such loss would necessarily be based solely on speculation and conjecture under proofs adduced.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 9, 1952. (Docket No. 30, Calendar No. 45,582.) Decided January 5, 1953.

Case by Farris Woodyard against Clarence Barnett, administrator of the estate of Allen B. Barnett, deceased, to recover damages sustained in automobile accident. Directed verdict and judgment for plaintiff. Plaintiff appeals, claiming damages not to be sufficient. Affirmed.

*Robert D. Anspach,* for plaintiff.

*Davidson, Kaess, Gotshall & Kelly* (*John W. Keith,* of counsel), for defendant.

CARR, J. Plaintiff brought this action to recover damages that he claims he sustained as the proximate result of the negligence of defendant's decedent. In the evening of October 17, 1950, plaintiff was operating his tractor and trailer on US–223 in Monroe county. Defendant's decedent, who was following plaintiff in an automobile, ran into the rear of the trailer causing damage to it and to the tractor. The death of the driver of the car resulted from the accident.

At the time of the occurrence in question plaintiff was operating a farm on which, among other activities, he raised sugar beets. The proofs introduced in his behalf on the trial disclose that in 1950 he planted 47.34 acres to that crop. In the fall of that year he started harvesting the beets on October 14th. His testimony in the case indicates that prior to the accident he had harvested approximately 6 acres, using in the work the equipment that was later involved in such accident. It is undisputed that 4 days was a reasonable time for the making of necessary repairs to the tractor and trailer, and that the cost thereof was $375. It is also undisputed that the rental value of the equipment was $60 per day. There was a delay of 1 day in starting the repairs, apparently caused by plaintiff's desire to have pictures of

his damaged equipment taken for possible future use.

Plaintiff rented some equipment to assist him in the hauling of beets to market, and according to his testimony he harvested approximately 25 acres between the 17th of October and the 28th of the same month, on which latter date it is claimed that it was necessary to suspend operations because of heavy rains. A witness in plaintiff's behalf testified that the beet harvesting season in 1950 began on the 5th or 6th of October, and that at the end of the season he measured plaintiff's lands, finding that 16.44 acres of beets had been left in the ground. Such beets were frozen and were a total loss. It also appears from the testimony of plaintiff and his witness that ordinarily the season for the harvesting of sugar beets continues until the 15th or 20th of November.

On the trial in circuit court plaintiff sought to recover damages for the loss of the unharvested beets in addition to other items, above mentioned, claiming aggregate damages in the sum of approximately $3,500. At the conclusion of his proofs a colloquy between court and counsel ensued in the absence of the jury. The trial judge stated in substance that under the testimony offered by plaintiff and his witness there could be no recovery except for the reasonable cost of repairing the truck and trailer, the fair rental value thereof during the time that they were disabled, and the amounts paid by plaintiff to others for hauling some of his beets. The court ruled that the other damages claimed by plaintiff because of the loss of the unharvested beets were too speculative in nature to permit submission to the jury. Verdict was directed in the amount of $774.52 and judgment was entered accordingly. Plaintiff has appealed, claiming that the trial judge was in error in refusing to permit the jury to determine the amount of the damages and the incidental issue whether plaintiff

acted properly and reasonably in seeking to mitigate his damages.

The situation is somewhat unusual in that there is no dispute as to the facts, defendant not introducing any testimony at the conclusion of the plaintiff's case following the colloquy between court and counsel. In the declaration filed the recovery of damages was sought solely because of the injury to plaintiff's tractor and trailer. No claim was made in the pleading that plaintiff was entitled to recover because of injuries sustained by him that interfered with his performing his usual work on the farm. In his testimony he stated that following the repair of his equipment and prior to the starting of the rains on October 28th he and his wife, who was assisting him, were doing "partial production" only, assigning as the reason therefor that each had sustained injuries in the accident. Not having claimed damages for any loss resulting from such injuries, plaintiff is not entitled to recover therefor in this action. The testimony affords no reasonable basis for determining what portion of the unharvested sugar beets was left in the ground because of plaintiff's inability to operate his equipment, following its repair, at capacity.

It was plaintiff's testimony that with his equipment in operation he could harvest 5 acres of beets per day. It is apparent that his operations prior to the evening of October 17th, when his equipment was damaged, were not carried on at such rate. It is equally obvious that following the repair of his equipment plaintiff did not harvest an average of 5 acres per day. It is a fair inference from the testimony that, although he did not start harvesting for approximately a week after the opening of the season, he considered that he would have ample time to secure his crop, basing his belief in that regard on the fact that the season did not ordinarily end, because of weather conditions, prior to November 15th

or 20th. It is a fair inference also from his state-
ments that the situation in this regard affected his
efforts to hire equipment for the hauling of his beets
during the time required for the repair of his own
tractor and trailer. It appears that he made efforts
to obtain trucks especially adapted to the hauling
and unloading of beets, but that he did not think it
expedient to procure, at a higher cost, other equip-
ment that might have been used for the purpose
though not designed therefor. To what extent he
might have lessened his damages by renting equip-
ment of such type is, on this record, uncertain and
speculative. As before mentioned, there was a de-
lay of 1 day in repairing the tractor and trailer, but
the consequences of such delay may not be charged
to defendant.

On behalf of appellee it is contended that the loss
of the unharvested sugar beets resulted proximately
from the weather conditions and not from the negli-
gence of his decedent. Reliance is placed on *McLane,
Swift & Co.* v. *Botsford Elevator Co.,* 136 Mich 664
(112 Am St Rep 384, 16 Am Neg Rep 390). In that
case plaintiff shipped oats from Battle Creek, Mich-
igan, to an eastern market. An arrangement was
made with defendant to clip these oats in defendant's
elevator in the city of Port Huron and to reship them.
Defendant failed to carry out its agreement within
the time contemplated by the parties, and the oats
were destroyed by fire in its elevator. In reversing
a decision of the lower court allowing recovery, it
was said:

"Defendant's neglect to clip and ship the oats had
no direct relation to their destruction. It simply re-
sulted in leaving them where they were burned by a
fire for which defendant was not responsible. De-
fendant's neglect was therefore, at most, the re-
mote cause, while the accidental fire was the proxi-
mate cause, of plaintiff's loss; and it is authoritative-

ly settled, as we shall show, that the law does not look beyond the proximate cause."

In *Van Keulen & Winchester Lumber Co.* v. *Manistee & Northeastern R. Co.*, 222 Mich 682, damages were sought by plaintiff because of the alleged failure of defendant to carry out instructions to stop a shipment of lumber at Big Rapids for kiln drying. In commenting on the situation, it was said:

"The general rule of damages in an action of tort is that the wrongdoer is liable for all injuries resulting directly from the wrongful acts, whether they could or could not have been foreseen by him, provided the particular damages in respect to which he proceeds are the legal and natural consequences of the wrongful act imputed to the defendant, and are such as, according to common experience and the usual course of events, might reasonably have been anticipated. Remote, contingent, or speculative damages will not be considered in conformity to the general rule above laid down. To render a wrongdoer liable in damages, where the connection is not immediate between the injurious act and the consequences, such nearness in the order of events and closeness in the relation of cause and effect must subsist, as that the influence of the injurious act would predominate over that of other causes, and concur to produce the consequences or be traceable to those causes. 13 Cyc, p 28."

The above decisions were cited with approval in *Cassidy* v. *Kraft-Phenix Cheese Corp.*, 285 Mich 426, in which the general principle applicable in a case of this nature was stated as follows:

"The damage recoverable in consequence of a tort is only such as is the direct result of the tort, *i.e.*, damage of which the tort is the proximate cause."

Under the facts in the instant case we do not think that plaintiff was entitled to have the question of

the amount of damages recoverable by him submitted to the jury. Obviously had such course been followed and a verdict returned based on speculation and conjecture, it would have been the duty of the court on proper motion to set it aside. As before noted, the situation is unusual in that the facts are not in dispute. The conclusion cannot be avoided that plaintiff did not proceed as rapidly as possible in the harvesting of his crop. He delayed to some extent the beginning of his operations, and the inference is fully justified that he proceeded somewhat leisurely on the assumption that he would have the usual period of time to complete the harvesting. There was a delay, above mentioned, in procuring the repair of his equipment. The conclusion of the trial judge that he might have hired trucks that could have been used in hauling his beets, at a cost above the usual rental for equipment especially designed for that purpose, is fully justified by the record. These factors all contributed to the failure of plaintiff to have all of his beets harvested prior to October 28th when the inclement weather stopped further operations and caused the loss of the beets still in the ground.

There is no basis for a determination as to the extent, if any, to which the loss resulted from the injury to plaintiff's equipment. Undoubtedly plaintiff might have completed the harvesting before the rains began by the use of his equipment during the entire period between October 14th and October 28th. Whether he would have done so is, however, speculative, in view of the rate at which the work proceeded during the period from October 14th to October 17th inclusive, and from October 21st to the 28th. Neither may it be said, with any reasonable degree of certainty, that plaintiff could not, notwithstanding the injury to his tractor and trailer, have completed the work without loss of any portion of his

crop. Had he realized the necessity of completion before October 28th, the record fully justifies the conclusion that he might and undoubtedly would have operated his equipment at full capacity. Under the proofs in the case the trial judge was correct in refusing to permit the jury to speculate on the extent of plaintiff's damages resulting proximately from the negligence of defendant's decedent. It does not appear with the requisite degree of certainty that the loss of the beets so resulted. The amount of the directed verdict was not less than the damages to which plaintiff's proofs entitled him.

The judgment is affirmed. Defendant may have costs.

Dethmers, C. J., and Adams, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.