PAPARELLI v. GENERAL MOTORS CORPORATION

1. NEGLIGENCE—PROXIMATE CAUSE—DEFINITION.

Proximate cause means a cause which operates to produce particular consequences without which the injury would not have occurred, without the intervention of any independent, unforeseen cause.

2. NEGLIGENCE—PROXIMATE CAUSE—REASONABLE MAN.

A negligent act is the proximate cause of an injury when the injury is the natural and probable consequence of the negligent act or omission, which under the circumstances an ordinary prudent person ought reasonably to have foreseen might probably occur as the result of his negligent act.

3. PRODUCTS LIABILITY—SALES—WARRANTY—PROXIMATE CAUSE.

A malfunctioning power steering unit in plaintiff's new automobile was not the proximate cause of his wrenched neck where he sustained his injury while he assisted a mechanic in re-installing the power steering unit after repair.

4. PRODUCTS LIABILITY—SALES—MANUFACTURERS—DUTY.

An automobile manufacturer is not an insurer and therefore owes no duty of care to purchaser of its automobiles with regard to unforeseeable and extraneous circumstances.

Appeal from Wayne, James L. Ryan, J. · Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 7,324.) Decided April 30, 1970. Rehearing denied June 18, 1970. Leave to appeal denied September 2, 1970. 383 Mich 826.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  38 Am Jur, Negligence § 49 et seq.
[2, 4]  38 Am Jur, Negligence § 53 et seq.

Complaint by Alfred Paparelli and Rose Paparelli against General Motors Corporation and Charles Dalgleish Cadillac, Inc., for damages resulting from breach of warranty and negligence. Summary judgment granted defendants. Plaintiffs appeal. Affirmed.

*I. Goodman Cohen,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock (Joel S. Morse,* of counsel), for General Motors Corporation.

*Conklin & Maloney,* for Charles Dalgleish Cadillac, Inc.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

PER CURIAM. Plaintiff Alfred Paparelli purchased a new Cadillac automobile from defendant dealership. Several days after the purchase, while plaintiff and his wife were en route to Florida, the power steering unit malfunctioned. Plaintiff then engaged the services of a mechanic.

As the power steering assembly was being replaced by a mechanic after repair, the mechanic requested plaintiff to assist him in placing and installing the unit. Plaintiff bent over the motor of the car and while holding the assembly, he was told by the repairman to lower it. While lowering it, the plaintiff thought that the repairman, who was underneath the car, did not have a secure hold on the assembly and the plaintiff reached to recapture it, wrenching his neck and causing injury thereto.

The trial court granted a defense motion for summary judgment, finding as a matter of law that the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

defective power steering unit was not the proximate cause of plaintiff's injuries and that all reasonable men must conclude likewise.

From this decision, plaintiffs appeal.

In *Nielsen* v. *Henry H. Stevens, Inc.* (1962), 368 Mich 216, proximate cause was defined:

"Proximate cause means such a cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injury would not have occurred. To make negligence the proximate cause of an injury, the injury must be the natural and probable consequence of a negligent act or omission, which under the circumstances, an ordinary prudent person ought reasonably to have foreseen might probably occur as a result of his negligent act."

The trial court correctly concluded on the facts of this case that the proximate cause of plaintiff's injury was neither the fault of the defendants' negligence nor their breach of any warranty and that all reasonable men must conclude likewise.

Affirmation would independently be required for the reason that defendant owed plaintiff no duty with regard to unforeseeable and extraneous circumstances. To hold otherwise would make the manufacturer virtually an insurer. See *Schneider* v. *Chrysler Motors Corporation* (CA8, 1968), 401 F2d 549.

Affirmed. Costs to appellees.