DEATON v BAKER

Docket No. 59795. Submitted October 19, 1982, at Detroit.—Decided December 21, 1982.

Gary L. Deaton was injured when a car driven by Cletus A. Simon collided with a car owned by Timmy W. Baker. Moments earlier, the Baker car had been involved in another accident with a car driven by Anna M. Woods. Deaton had been a passenger in the Baker vehicle when it was struck by the Woods car. At the time he was injured, Deaton was inspecting damage to the Baker vehicle, which had been left in the middle of Telegraph Road after being hit the first time. Simon claimed that he had been blinded by the headlights of the Woods car and did not see the Baker vehicle, which did not have any lights on, until he was approximately three car lengths away, when it was too late to avoid the collision. Deaton, by his next friend Lawrence Deaton, and Lawrence Deaton individually filed a negligence suit against Baker, Woods, and Cletus and Phyllis A. Simon in Monroe Circuit Court seeking damages for the injuries Deaton suffered. The action against the Simons was settled and the case against them dismissed. Woods and Baker both filed motions for summary judgment. The Woods motion was denied, but the Baker motion was granted on the ground that there was no genuine issue of any material fact, James J. Kelley, J. Plaintiff appeals the granting of the Baker motion. *Held:*

The trial court erred in granting summary judgment in favor of defendant Baker. Whether Baker was negligent in leaving his car with no lights on and blocking the highway after the first accident and, if negligent, whether the negligence was a proximate cause of plaintiff's injuries are questions of fact on which reasonable persons could differ. Plaintiffs should have been given an opportunity to amend their complaint.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2, 3] 73 Am Jur 2d, Summary Judgment § 6.
Propriety of granting summary judgment in case involving issue of gross or wanton negligence. 50 ALR2d 1309.

1. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATE-
   RIAL FACT — COURT RULES.

   A motion for summary judgment on the ground that there is no
   genuine issue as to any material fact tests whether there is
   factual support for a claim and is to be tested by the pleadings,
   affidavits, depositions, admissions, and other documentary evi-
   dence available to the court and is properly granted only where
   it is impossible for the claim asserted to be supported by
   evidence at trial (GCR 1963, 117.2[3]).

2. NEGLIGENCE — SUMMARY JUDGMENT.

   Summary judgment is generally held to be inappropriate in
   negligence actions because conformance to or violation of a
   standard of behavior is usually a question of fact.

3. NEGLIGENCE — PROXIMATE CAUSE — SUMMARY JUDGMENT.

   Proximate cause is a factual issue to be decided by the trier of
   fact except in a case where all reasonable people would agree
   on the conclusion, in which case the question of proximate
   cause may properly be determined by summary judgment.

*Simon, Fried & Saperstein, P.C.* (by *Christopher M. Seikaly*), for plaintiffs.

*William J. Braunlich, Jr., P.C.* (by *William H. Braunlich*), for defendant Baker.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Plaintiffs commenced this action on January 17, 1980, against Phyllis and Cletus Simon, Anna Mae Woods, and Timmy Wayne Baker. The action against Phyllis and Cletus Simon was settled, and the case against them was dismissed on May 7, 1982. Defendants Woods and Baker filed motions for summary judgment. Defendant Woods' motion for summary judgment was denied. From an order granting summary judgment to defendant Baker on the ground that there

was no genuine issue of any material fact, GCR 1963, 117.2(3), plaintiffs appeal as of right.

The complaint alleged that defendant Woods' vehicle, which was northbound on Telegraph Road, struck the Baker vehicle when the Baker vehicle was backing out of a private driveway onto Telegraph Road. At the time of that collision, plaintiff Gary Lynn Deaton was a passenger in defendant Baker's vehicle. Following that collision, plaintiff Gary Lynn Deaton was a pedestrian, inspecting the damage caused in that accident when he was struck by the southbound vehicle of defendant Simon. Concerning defendant Baker, the plaintiffs' complaint, before alleging violation of a duty by Baker, states the violation of common law and statute, including by way of illustration, not of limitation, the following duties on the part of Baker:

"a. Driving without due caution (MSA 9.2326);
"b. Driving at a speed and under circumstances as to be unable to stop within the assured clear distance ahead (MSA 9.2327);
"c. In negligently failing to come to a stop before entering or crossing a through highway (MSA 9.2351);
"d. In failing to come to a full stop before entering or crossing a highway from a private road or driveway and yielding the right-of-way to all vehicles approaching on the highway (MSA 9.2352);
"e. By driving upon the highway carelessly and heedlessly in willful disregard to the rights and safety to plaintiff (MSA 9.2326)."

On June 3, 1981, defendant Baker filed a motion for summary judgment under GCR 1963, 117.2(3), contending that there was no genuine issue as to any material fact based on the alleged breach of duty by defendant Baker. It is noted that the

motion for summary judgment was filed before a pretrial conference had taken place.

There is no factual dispute that plaintiff did not sustain injury in the Baker/Woods accident, the first collision.

Plaintiffs' response to Baker's motion for summary judgment was that he was injured as a result of the Baker/Woods accident because, had the Baker/Woods accident not occurred, the second accident, between Baker and Simon, would not have taken place. Further, there was a question of fact for the jury as to whether defendant Baker had an opportunity to remove his vehicle from the traveled portion of the highway.

At the motion hearing, it was argued that on May 20, 1978, at about 9:45 p.m., plaintiff Gary Deaton was a passenger in defendant Baker's vehicle when it was involved in an accident with defendant Woods' vehicle. Telegraph Road at that location was a three-lane road with one northbound lane, one southbound lane, and a center lane for turning. Defendant Baker backed his vehicle out of a private drive in an easterly direction onto Telegraph Road. The Woods vehicle was traveling northbound in the center turning lane when it collided with the Baker vehicle. The Woods car stopped in the center lane about three car lengths north of the Baker car with its headlights and left turn signal on. Defendant Baker left his car at least partially blocking the southbound lane, without any lights on, while he walked over to the Woods vehicle to discuss the accident. Plaintiff Gary Deaton got out of the car to observe the damage to the Baker car. Plaintiff Gary Deaton re-entered the car to activate the emergency flashers. Unable to locate the switch, he exited from the vehicle and called to defendant

Baker to return and turn the flashers on. Defendant Baker indicated to plaintiff Gary Deaton that he should wait a minute.

Two to five minutes after the first collision, the southbound Simon vehicle hit plaintiff Gary Deaton, thrusting him against the Baker vehicle which was stopped in the road. Defendant Simon was momentarily blinded by the Woods vehicle headlights and did not see the Baker vehicle blocking the southbound lane until it was too late to avoid the collision. Plaintiff Gary Deaton, who was standing behind the Baker car, was pinned between the two cars, resulting in the loss of a leg in the second collision.

Defendant Baker argued at the hearing on the summary judgment motion that there was no proximate cause between the alleged negligence causing the first accident and the injuries plaintiff suffered in the second accident. Plaintiffs' counsel argued that, if it were not for the Baker/Woods accident, the Simon/Baker accident would not have happened. Plaintiffs' counsel also argued that the Baker vehicle was blocking at least a part of the southbound lane for some two to five minutes, the period of time which elapsed between the first and second accident. It was contended that enough time passed for the Baker car to have been moved out of the way. The deposition of a police officer indicated that there was no reason why the Baker car could not have been moved off the road.

GCR 1963, 117.2(3) provides that summary judgment may be granted where "there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law". In *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978), this Court set forth the standard governing review of a grant or denial

of a motion for summary judgment under GCR
1963, 117.2(3):

"A motion for summary judgment which is based on
GCR 1963, 117.2(3) is designed to test whether there is
factual support for a claim. *Crowther v Ross Chemical
& Mfg, supra* [42 Mich App 426; 202 NW2d 577 (1972)].
"When passing upon a motion under this subrule, the
court must consider the pleadings, affidavits, deposi-
tions, admissions and other documentary evidence then
available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207
NW2d 316 (1973). Before the judgment may properly be
granted the court must be satisfied that it is impossible
for the claim asserted to be supported by evidence at
trial. *Rizzo v Kretschmer, supra.* The motion has the
limited function of determining whether material issues
of fact exist. The trial court must carefully avoid mak-
ing findings of fact under the guise of determining that
no issues of material fact exist." (Footnote omitted.)

Summary judgment has generally been held to
be inappropriate in negligence actions. *Miller v
Miller,* 373 Mich 519; 129 NW2d 885 (1964); *Gamet
v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972).

"It is because the question of negligence is a question
of fact and not of law and because its existence depends
upon conformance with or violation of standards of
behavior peculiarly within the special province of a jury
to determine, that the summary judgment procedures of
GCR 1963, 117.2(3), rarely will be applicable to a com-
mon-law negligence case." *Miller, supra,* p 524.

Proximate cause is a factual issue to be decided
by the trier of fact. *Kurczewski v State Highway
Comm,* 112 Mich App 544, 552; 316 NW2d 484
(1982); *Hall v Dep't of State Highways,* 109 Mich
App 592, 603; 311 NW2d 813 (1981); *Michigan
Sugar Co v Employers Mutual Liability Ins Co of
Wisconsin,* 107 Mich App 9, 14; 308 NW2d 684

(1981). However, the question of proximate cause may properly be determined by summary judgment where all reasonable people would agree on the conclusion. *Davis v Thornton,* 384 Mich 138, 142-143, 146; 180 NW2d 11 (1970); *Paparelli v General Motors Corp,* 23 Mich App 575; 179 NW2d 263 (1970), *lv den* 383 Mich 826 (1970).

The negligence alleged in the complaint against defendant Baker is directed to the first accident. Defendant Baker's negligence in the first accident, if so determined, as a matter of law cannot be a proximate cause of plaintiff's injuries resulting from the second accident, even though, as plaintiffs' counsel argued, the second accident would not have occurred had it not been for the first accident having happened.

Defendant Baker is correct in his assertion that there existed a hiatus in essential proof connecting the negligence of defendant Baker in the first collision, accepted as pled, and plaintiff's eventual injury in the second collision. We do not agree with plaintiffs' counsel that the motion for summary judgment should have been denied based on the argument that the second accident would not have taken place had it not been for the first accident having happened.

In any case, having expressed ourselves as we have, the motion for summary judgment should not have been granted. It was additionally argued that there was a question of fact for the jury as to whether defendant Baker had an opportunity to remove his vehicle from the traveled portion of the highway. The Baker vehicle was blocking at least a part of the southbound lane for some two to five minutes between accidents, during which time the Baker car could have been moved out of the way. A deposition of a police officer indicated there was

no reason that the Baker vehicle could not have been moved off the road.

Whether defendant Baker was negligent in leaving his car blocking the highway after the accident with no lights on and, if negligent, whether the negligence was a proximate cause of plaintiff's injuries are questions of fact on which reasonable people could differ. Plaintiffs should have been given an opportunity to amend their complaint.

The trial court erred in granting summary judgment in favor of defendant Baker. Reversed and remanded.