DERBECK v WARD

Docket No. 103751. Submitted April 4, 1989, at Detroit. Decided July
    5, 1989.

> Joseph L. Derbeck, while operating a motorcycle, collided with a
> disabled vehicle belonging to Barbara J. Ward. Derbeck filed
> suit against Ward in Monroe Circuit Court seeking damages for
> personal injuries suffered in the collision. Plaintiff alleged that
> defendant, while intoxicated, crossed the center line of the
> highway, lost control of her vehicle, and collided with a tele-
> phone pole. The defendant's disabled vehicle allegedly came to
> rest in the southbound lane of the highway, blocking plaintiff's
> lane of travel. Plaintiff alleged that defendant, being intoxi-
> cated, left her vehicle in the roadway without activating the
> emergency flashers or lights and failed to take any precautions
> to warn oncoming motorists of the existence of her disabled
> vehicle in the roadway. Five to ten minutes after the vehicle
> was abandoned by defendant, plaintiff collided with it. The
> court, James J. Kelley, Jr., J., granted summary disposition in
> favor of defendant as to six of plaintiff's nine theories of
> negligence alleged against defendant, finding that the actions
> and behavior alleged in those six theories were not, as a matter
> of law, a proximate cause of plaintiff's injuries. The six theories
> as to which summary disposition was granted involved defen-
> dant's actions and behavior pertinent to the first accident,
> when her vehicle hit the telephone pole. The remaining three
> theories, i.e., leaving the scene of an accident, failing to acti-
> vate emergency flashers, and failing to take reasonable precau-
> tions to alert oncoming traffic, were left for resolution. The
> court, in certifying its order pursuant to MCR 2.604(A), stated
> there was no just reason for delay in the entry of a final
> judgment as to the six theories as to which summary disposi-
> tion was granted. Plaintiff attempted to appeal as of right.
> Defendant filed a motion to dismiss plaintiff's appeal on the
> ground that the order appealed from was not a final order

REFERENCES

Am Jur 2d, Appeal and Error § 53; Negligence §§ 453 et seq., 528-
530.

See the Index to Annotations under Appeal and Error; Proximate
Cause.

appealable as of right. The Court of Appeals denied defendant's motion to dismiss.

The Court of Appeals *held:*

1. The partial summary disposition as to some but not all of the theories alleged is not sufficient to qualify the order as a final judgment under MCR 2.604(A). In keeping with the interlocutory nature of the order, the merits of the appeal are considered as on leave granted.

2. The trial court correctly granted partial summary disposition as to the negligence theories involving defendant's actions and behavior in negligently operating her vehicle in such a manner as to cause the vehicle to hit a telephone pole and come to rest blocking the plaintiff's lane of travel. These specific acts of negligence were not a cause in fact of plaintiff's injuries.

3. Because defendant has chosen to deny negligence and to assert comparative negligence rather than to admit negligence, the conduct alleged in the six theories as to which summary disposition was granted need not be excluded from evidence. The defendant's alleged intoxication and means and manner of disabling her vehicle appear to be relevant to the remaining issues.

Affirmed.

1. APPEAL — ALTERNATIVE LEGAL THEORIES — SINGLE CLAIM FOR RELIEF — SUMMARY DISPOSITION.

A claimant who presents merely alternative legal theories, such that he will be permitted to recover on at most one of them, has presented only a single claim for relief; his possible recoveries are mutually exclusive, and a summary disposition as to one of his alternative theories cannot be made the subject of a final judgment and resulting appeal under MCR 2.604(A).

2. NEGLIGENCE — PROXIMATE CAUSE — SUMMARY DISPOSITION.

Proximate cause is usually a factual issue to be decided by the trier of fact, but the court should rule as a matter of law where all reasonable people would agree on the conclusion.

3. NEGLIGENCE — PROXIMATE CAUSE — CAUSATION IN FACT.

Proximate cause involves two concepts: (1) causation in fact and (2) foreseeability; causation in fact includes more than a simple "but for" relationship between the negligent act and the damage; the negligence must also be a substantial factor in producing the injury.

*Hooper, Hathaway, Price, Beuche & Wallace* (by *Mark R. Daane*), for plaintiff.

*Ready, Sullivan & Ready* (by *Durward L. Hutchinson*), for defendant.

Before: DANHOF, C.J., and WAHLS and GRIFFIN, JJ.

GRIFFIN, J. Plaintiff appeals as on leave granted from a lower court order granting defendant's motion for partial summary disposition as to several theories of negligence on the grounds that such alleged negligence was not a proximate cause of plaintiff's personal injuries. We affirm.

I

Count I of plaintiff's complaint alleges negligence against defendant Barbara Jean Ward in connection with a claim for personal injuries arising out of a motor vehicle accident. Count II, which was dismissed pursuant to stipulation, alleged a dramshop claim against Scoop Williams, doing business as Shelton Park Tavern.

The order from which plaintiff appeals grants defendant summary disposition as to six of the nine theories of negligence asserted in plaintiff's complaint. Although the lower court certified its order pursuant to MCR 2.604(A) and stated "there is no just reason for delay in the entry of a final judgment," the instant appeal of the partial summary disposition order is by leave rather than by right. The order does not dispose of a claim. On the contrary it only dismisses some of the several theories of negligence asserted in support of a claim for personal injuries.

The court rule governing final judgments is MCR 2.604(A), which provides:

(A) Final Judgment on Fewer Than All Claims.

> When more than one claim for relief is presented
> in an action, whether as a claim, counterclaim,
> cross-claim, or third-party claim, or when multiple
> parties are involved, the court may direct entry of
> a final judgment on one or more but fewer than all
> the claims or parties, but only on an express
> determination that there is no just reason for
> delay.

Commentators Martin, Dean, and Webster have explained that lower court certification does not end the inquiry as to whether a final judgment has been rendered:

> [I]t does not necessarily follow that the matter
> may be appealed of right whenever the trial court
> makes the required certificate in connection with
> the disposition of a part of the case. MCR 2.603(A)
> operates only "when more than one claim for
> relief is presented in an action." The certificate of
> the trial judge does not preclude the appellate
> court as to whether there were actually multiple
> claims presented. The appellate court is free to
> decide for itself whether there were actually multi-
> ple claims or only mere variants of a single claim.
> [Martin, Dean & Webster, Michigan Court Rules
> Practice, Rule 2.604, author's comments, p 416.]

Martin, Dean and Webster continue:

> [I]f a claimant presents merely alternative legal
> theories, such that he will be permitted to recover
> on at most one of them, his possible recoveries are
> mutually exclusive, and he has presented only a
> single claim for relief. A preliminary disposition of
> one of his alternative theories cannot be made the
> subject of a final judgment and resulting appeal
> under MCR 2.604(A). [Martin, Dean & Webster,
> *supra* at 417.]

The claim/theory distinction is emphasized in

other areas of our court rules such as the compulsory joinder rule, MCR 2.203. Under MCR 2.203, the opposing party waives the compulsory joinder rule unless the party objects to the improper joinder of *claims*. The failure to object to improper joinder of claims, however, does not affect "the prohibition against relitigation of a claim under a different *theory*." MCR 2.203(A)(2).

In the present case, the plaintiff's only liability *claim* against defendant Ward is one for personal injuries arising out of an automobile-motorcycle accident. Although several theories of negligence are alleged, the partial summary disposition as to some but not all of the theories is not sufficient to qualify the order as a final judgment under MCR 2.604(A).

In keeping with the interlocutory nature of the order, we consider the merits of the appeal as on leave granted.

II

On May 20, 1984, at approximately 3:00 A.M., plaintiff, while operating his motorcycle, collided with defendant's parked automobile. Plaintiff alleged that the defendant, while intoxicated, crossed the center line of the roadway, lost control of her vehicle, and thereafter collided with a telephone pole. The defendant's disabled vehicle allegedly came to rest in the southbound lane of the roadway blocking the plaintiff's lane of travel. It was asserted that the intoxicated defendant left her vehicle in the roadway without activating her emergency flashers or lights and failed to take any precautions to warn oncoming motorists of the existence of her disabled vehicle in the roadway. Five to ten minutes after the defendant abandoned her car, the plaintiff, while operating a motorcycle,

approached the scene and struck the disabled vehicle, thereby causing the plaintiff personal injuries.

Count I of plaintiff's complaint alleges the following negligence against defendant Ward:

11. Defendant Barbara Jean Ward violated said duties to the Plaintiff in, but not limited to, the following particulars:

a) Failing to operate said vehicle on the highway with due regard to traffic and surface conditions;

b) Failing to see what was to be seen as a reasonable and prudent person would have done if he had made proper observations, contrary to the common law;

c) Operating said motor vehicle upon a public highway in a careless and negligent manner likely to endanger persons or property;

d) Failing to obey the instructions of traffic control devices;

e) Driving on the wrong side of the road, contrary to the provisions of MCLA 257.634 [MSA 9.2334];

f) Operating an automobile while under the influence of intoxicating liquors;

g) Leaving the scene of an accident;

h) Failing to activate emergency flashers on the automobile so as to provide reasonable notice of its presence to persons travelling southbound;

i) Failing to take such steps as a reasonable and ordinary person would take to alert oncoming traffic of the existence of her vehicle in the roadway.

12. Notwithstanding the obligations and duties imposed upon Barbara Jean Ward by the statutes of the State of Michigan and the rules of common law set forth above, Barbara Jean Ward violated said duties and as a proximate result of her negligence, Plaintiff sustained damage and injury including but not limited to:

Defendant brought a motion for partial sum-

mary disposition pursuant to MCR 2.116(C)(8) and (10) seeking dismissal of paragraphs 11a through 11f of plaintiff's complaint on the grounds that such theories of negligence were not a proximate cause of plaintiff's injuries. In support of her motion, defendant cited the case of *Deaton v Baker,* 122 Mich App 252; 332 NW2d 457 (1982), and filed her affidavit.

Monroe Circuit Judge James J. Kelley, Jr., granted defendant's motion for partial summary disposition ruling that the theories of negligence alleged in paragraphs 11a through 11f were not as a matter of law a proximate cause of the plaintiff's injuries. We agree and affirm.

It is elementary law that the necessary elements in every negligence cause of action are: (1) duty; (2) breach of duty; (3) proximate cause; and (4) damages. *Roulo v Auto Club of Mich,* 386 Mich 324; 192 NW2d 237 (1971). Although proximate cause is usually a factual issue to be decided by the trier of fact, the court should rule as a matter of law if reasonable minds could not differ. *Paparelli v General Motors Corp,* 23 Mich App 575; 179 NW2d 263 (1970), lv den 383 Mich 826 (1970).

Proximate cause involves two concepts: (1) causation in fact and (2) foreseeability. SJI2d 15.01, comment. Causation in fact includes more than a simple "but for" relationship between the negligent act and the damage. The negligence must also be a "substantial factor" in producing the injury. *Brisboy v Fibreboard Corp,* 429 Mich 540, 547-548; 418 NW2d 650 (1988).

As noted by the trial court, the instant case bears several similarities to *Deaton v Baker, supra. Deaton* also involved two accidents and the disabling of a vehicle. Plaintiff Deaton was a passenger in defendant Baker's automobile at the

time Baker negligently collided with another vehicle. Although plaintiff Deaton was not injured in the initial collision, two to five minutes later, while he was a pedestrian inspecting the damage, Deaton was struck by a second automobile. Like in the present case, the plaintiff alleged acts of negligence in Baker's driving in connection with the initial collision. It was further argued that "but for" the first accident, the plaintiff would not have been a pedestrian and thus in a position to be injured by the second accident.

Our Court in *Deaton, supra,* held that the defendant was entitled to partial summary disposition as to his negligent acts as to the first collision. However, summary disposition in total was not proper since factual issues remained as to whether Baker should have activated his emergency flashers after the initial accident or taken other steps to warn oncoming traffic of his disabled automobile:

> Defendant Baker is correct in his assertion that *there existed a hiatus in essential proof connecting the negligence of defendant Baker in the first collision, accepted as pled, and plaintiff's eventual injury in the second collision.* We do not agree with plaintiffs' counsel that the motion for summary judgment should have been denied based on the argument that the second accident would not have taken place had it not been for the first accident having happened.
>
> * * *
>
> Whether defendant Baker was negligent in leaving his car blocking the highway after the accident with no lights on and, if negligent, whether the negligence was a proximate cause of plaintiff's injuries are questions of fact on which reasonable people could differ. Plaintiffs should have been given an opportunity to amend their complaint. [*Deaton, supra* at 258-259.]

In the instant case, defendant alleges that the specific acts of negligence asserted in paragraphs 11a through 11f were not a cause in fact of plaintiff's injuries. We agree.

It is obvious that, if the jury were instructed separately as to each of the six dismissed theories of negligence, none of the dismissed theories could have sustained plaintiff's cause of action. For if the jury were to find no negligence as to theories 11g, 11h and 11i, which are leaving the scene of the accident, failing to activate emergency flashers, and failing to take reasonable precautions to alert oncoming traffic, the defendant's preceding conduct would be of no consequence. The defendant's prior negligent acts in operating her vehicle, alone, were not a substantial factor in causing the later collision between plaintiff's motorcycle and defendant's unoccupied and disabled vehicle. Without negligence in regard to leaving the scene or failing to warn, a cause of action cannot be sustained. Analyzed and applied separately, it becomes obvious that the defendant's prior actions in operating her vehicle (11a through 11f) were not a cause in fact of plaintiff's injuries.

Accordingly, the trial court was correct in granting partial summary disposition as to the negligence theories alleged in paragraphs 11a through 11f on the grounds that, under the facts presented, defendant was entitled to partial judgment as a matter of law. MCR 2.116(C)(10).

Although we affirm, counsel and the trial court should not construe our ruling to imply that the conduct alleged in paragraphs 11a through 11f must be excluded from evidence. We note that defendant has chosen to deny negligence and to assert comparative negligence rather than to admit negligence. Under such circumstances, the

defendant's alleged intoxication and means and manner of disabling her vehicle appear to be relevant (MRE 401) as to the issues of defendant's alleged negligence in leaving the scene of the accident, failing to activate flashers, and failing to take reasonable precaution to warn oncoming traffic. In lieu of an admission of negligence, we foresee no unfair prejudice (MRE 403) by the admission of such evidence.[1] Accordingly, if defendant's ulterior motive is a motion in limine to exclude such evidence, the intended result has not been accomplished by this Court's ruling.

Affirmed.

---

[1] We shall leave decisions to admit or exclude evidence to the sound discretion of the trial court. Our comments are made merely to avoid confusion as to the scope of our affirmance.