961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis LITTLE, Plaintiff-Appellant,
v.
MARATHON PETROLEUM CO., Defendant-Appellee.
 No. 91-2048.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff in this action allegedly injured his back while climbing down a ladder during a fire emergency at a Marathon Petroleum Company refinery. He sued Marathon and two of its employees for negligence in causing the fire or failing to prevent it. The district court granted summary judgment to the defendants. For the reasons stated below, we shall affirm the judgment.
 
 
 2
 * The plaintiff, Dennis Little, was the foreman of a crew of boilermakers. His employer, an independent contractor, had undertaken to perform maintenance work at a Marathon refinery in Detroit during a period when the refinery was shut down. Mr. Little's crew was assigned to perform repairs on the roof of an empty storage tank. The sole access to the roof of the tank was provided by a series of vertical ladders welded to the side of the tank.
 
 
 3
 Mr. Little was on the ground near an exit gate when a fire alarm sounded. He saw flames several thousand feet away and did not think that there was danger of fire or explosion where his men were working. Mr. Little nonetheless alleges that he was worried about the men's safety, and this prompted him to climb halfway up the tank. He then realized that the men must already have come down, so he started down himself. When he had nearly reached the ground, he says, he lost his footing, fell from the ladder, and injured his back.
 
 
 4
 Mr. Little brought suit in the Circuit Court of Wayne County, Michigan, and the action was removed to United States District Court for the Eastern District of Michigan on diversity grounds. The defendants then moved for summary judgment. The district court granted the motion on the ground that whether or not the fire was caused by the defendants' negligence, the fire could not be found to have been the proximate cause of Mr. Little's injuries.
 
 II
 
 5
 Mr. Little's argues on appeal that although the fire was not the sole proximate cause of his injury, summary judgment was inappropriate because a jury could properly find that it was "a" proximate cause. The argument is a flawed one.
 
 
 6
 It is true that under Michigan law the issue of proximate cause is generally for the jury to decide. See Holloway v. General Motors, 403 Mich. 614, 622, 271 N.W.2d 777 (1978). It is not improper for a court to grant summary judgment on the issue of proximate cause, however, if the court finds that all reasonable people would decide the issue the same way. See Deaton v. Baker, 122 Mich.App. 252, 258, 332 N.W.2d 457 (1982).
 
 
 7
 Michigan's standard jury instructions say that proximate cause means "first, that the negligent conduct must have been a cause of plaintiff's injury, and second, that the plaintiff's injury must have been a natural and probable result of the negligent conduct." Mich.Standard Jury Instructions 2d § 15.01. The comment to the jury instructions adds this:
 
 
 8
 "Proximate cause, at the minimum, means a cause in fact relationship. Glinski v. Szylling, 358 Mich 182; 99 NW2d 637 (1959). In addition, the causal connection between the defendant's conduct and the occurrence which produced the injury must have some practical limitation, variously expressed in terms such as "natural," "probable," "direct," or "reasonably anticipated." See Van Keulen & Winchester Lumber Co. v Maistee & NR Co, 22 Mich 682; 193 NW 289 (1923); Woodyard v. Barnett, 355 Mich 352; 56 NW2d 214 (1953); and Fisk v. Powell, 349 Mich 604; 84 NW2d 736 (1957), all approved in Sutter v. Biggs, 377 Mich 80; 139 NW2d 684 (1966). The exact damages need not have been foreseen so long as the results are a natural and probable consequence of the defendant's conduct. It is sufficient that the ordinary prudent person ought to have foreseen or anticipated that damage might possibly occur."
 
 
 9
 Viewing the facts in the light most favorable to Mr. Little, there is no way in which his injury could properly be said to be the "natural," "probable," "direct," or "reasonably anticipated" result of the fire. As a matter of law, any connection between the fire and the injury was too remote to enable Mr. Little to mulct Marathon in damages.
 
 
 10
 Mr. Little argues that summary judgment should have been denied because of the rescue doctrine. Putting aside the question of why the doctrine was not referred to in the proceedings before the district court, we conclude that the doctrine could have no applicability here. Mr. Little's crew was composed entirely of journeymen, all of whom, as Mr. Little has acknowledged, would have known enough to leave the tower if they were there when a fire alarm sounded. He has also acknowledged he did not expect a fire or explosion in the area of the tower, and that there was nothing he could have done to help his men down in any event. Mr. Little having known that a rescue was neither necessary nor possible, the rescue doctrine can avail him nothing.
 
 III
 
 11
 Finally, Mr. Little argues that summary judgment was premature because he was not given enough time "to flesh out and frame the major issue in the case, the reasonableness of his action in light of the emergency situation." The argument has no merit; there is simply no reasonable prospect that further discovery could have affected the outcome of this case.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable William Timbers, United States Court of Appeals for the Second Circuit, sitting by designation