McCARTHY & ASSOCIATES, INC v WASHBURN

Docket No. 137031. Submitted June 11, 1992, at Detroit. Decided July 6, 1992, at 10:20 A.M.

McCarthy & Associates, Inc., brought an action in the Wayne Circuit Court against Terry Washburn, personal representative of the estate of Michael B. Washburn, deceased, and two other defendants, seeking broker's commissions on the theory of breach of contract or as a third-party beneficiary. The court, James R. Chylinski, J., granted partial summary disposition for Washburn with regard to the third-party beneficiary claim, and granted summary disposition for the other defendants with regard to both claims. The plaintiff attempted to appeal as of right, but the appeal was dismissed by the Court of Appeals on the ground that the trial court's order failed to comply with the requirement of MCR 2.604(A) that a judgment on fewer than all claims in an action contain a certification that there is no just reason for delaying an appeal. (Docket No. 134629). The plaintiff thereafter obtained an amended order that included the required certification, and again sought to appeal as of right.

The Court of Appeals *held:*

Where a claimant presents merely alternative legal theories and will be permitted to recover at most on one, the possible recoveries are mutually exclusive, and the claimant has presented only a single claim for relief. A preliminary disposition of one of the alternative theories cannot be made the subject of a final judgment and an appeal as of right under MCR 2.604(A). Because the plaintiff in this case has presented a single claim for relief involving alternative theories of recovery and a claim of breach of contract remains against a defendant after the grant of summary disposition, the Court of Appeals is without jurisdiction of the plaintiff's appeal.

Dismissed.

APPEAL — SUMMARY DISPOSITION — ALTERNATIVE LEGAL THEORIES — SINGLE CLAIM FOR RELIEF.

A claimant who presents merely alternative legal theories, so

REFERENCES

Am Jur 2d, Appeal and Error §§ 55, 56.

See the Index to Annotations under Appeal and Error.

that recovery may be had at most on one, has presented only a single claim for relief; the possible recoveries are mutually exclusive, and summary disposition of one cannot be made the subject of a final judgment and an appeal as of right (MCR 2.604[A]).

*Monaghan, LoPrete, McDonald, Sogge & Yakima* (by *Ronald R. Sogge*), for the plaintiff.

*Goldstein, Serlin, Reizen, Rosenbaum & Baker, P.C.* (by *Barry M. Rosenbaum*), for the defendants.

Before: FITZGERALD, P.J., and CAVANAGH and NEFF, JJ.

NEFF, J. In this suit for recovery of broker's commissions, plaintiff attempts to appeal as of right from the circuit court's amended order granting partial summary disposition to defendants. We dismiss plaintiff's appeal for lack of jurisdiction.

I

The order granted summary disposition to defendants Elaine Washburn and Deborah Washburn with respect to the claim of breach of contract in count I of plaintiff's second amended complaint. Summary disposition was granted on the ground that those defendants were not signatories of the listing agreement that called for the broker's commission.

The order also granted summary disposition to all defendants with respect to the third-party beneficiary claim in count II of that complaint on the ground that the purchase agreement involved in this case did not contain a third-party promise to plaintiff. The only claim left after the order of summary disposition was that of breach of contract against the estate of Michael Washburn under count I of the complaint. Among the defen-

dants, Michael Washburn was the only one who signed the listing agreements.

II

This appeal has been before this Court once before. It was dismissed on December 18, 1990, on the ground that this Court lacked jurisdiction because the original order granting partial summary disposition was not a final order appealable as of right. (Docket No. 134629). Unlike the amended order from which the present appeal is taken, the original order did not contain the certification that there was no just reason for delaying appeal, as required by MCR 2.604(A). The original order was amended pursuant to plaintiff's motion after the appeal was initially dismissed.

The only change since this Court's initial dismissal is the addition of the following language to the order:

IT IS FURTHER ORDERED AND ADJUDGED that this Order Granting Partial Summary Disposition shall be final and that there is no just cause in delaying an appeal of this matter.

We do not believe that merely adding the certifying language to the order transforms it into one that is appealable as of right.

According to MCR 7.203(A)(1), this Court's jurisdiction of an appeal as of right from a circuit court is limited to final judgments or final orders. *Helms v Helms,* 185 Mich App 680, 685; 462 NW2d 812 (1990).

A final order is an order which, by itself or in conjunction with previous orders, disposes of all of the claims of all of the parties or is an order which, although otherwise not final, disposes of at

least one claim of one party and is certified as a final order under MCR 2.604(A). [*Dean v Tucker,* 182 Mich App 27, 30; 451 NW2d 571 (1990).]

MCR 2.604(A) provides as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment on one or more but fewer than all the claims or parties, but only on an express determination that there is no just reason for delay.

Commentators have explained the effect of the certification as follows:

This much of the rule is perfectly clear—that is, that any disposition of a part of the case without the required certificate is not final and therefore not appealable of right. The other aspect of the rule's operation is not quite so clear. That is, it does not necessarily follow that the matter may be appealed of right whenever the trial court makes the required certificate in connection with the disposition of a part of the case. MCR 2.603(A) [sic, 2.604(A)] operates only "when more than one claim for relief is presented in an action." The certificate of the trial judge does not preclude the appellate court as to whether there were actually multiple claims presented. The appellate court is free to decide for itself whether there were actually multiple claims or only mere variants of a single claim. [3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.604, authors' comments, p 416.]

The commentators went on to explain:

[I]f a claimant presents merely alternative legal theories, such that he will be permitted to recover

on at most one of them, his possible recoveries are mutually exclusive, and he has presented only a single claim for relief. A preliminary disposition of one of his alternative theories cannot be made the subject of a final judgment and resulting appeal under MCR 2.604(A). [*Id.* at 417.]

Thus, certification by the lower court does not end the inquiry into whether an order is final. The question whether the lower court had merely disposed of one or more legal theories of a plaintiff's single claim for relief must also be resolved before an order can be considered final so that it can be appealed as of right.

In *Derbeck v Ward,* 178 Mich App 38, 41; 443 NW2d 812 (1989), a panel of this Court cited with approval the quoted passages from Martin, Dean & Webster. On the basis of that language, the panel concluded that the order in that case, which granted summary disposition of some, but not all, of the plaintiff's several theories of negligence, was not a final order. *Id.* at 42. Nonetheless, the panel went on to consider the merits of the appeal as on leave granted. *Id.* The same procedure was followed in *Helms, supra.*

We disagree with the procedure in those cases because it leads to piecemeal appeals and an unnecessary waste of judicial resources. Further, under MCR 7.203(A)(1), this Court does not have jurisdiction of nonfinal circuit court orders appealed as of right.

In the present case, the first part of the inquiry is satisfied by the certifying language in the amended order granting partial summary disposition. The second aspect of the inquiry, however, is not satisfied. Plaintiff seeks to recover its broker's commissions under alternative theories: a claim of breach of contract and a third-party beneficiary

claim. It can recover those commissions on, at most, one of those theories. Thus, plaintiff has presented only a single claim for relief. Therefore, this Court does not have jurisdiction to consider this appeal brought as of right.

Appeal dismissed.