# STATE OF MICHIGAN

# COURT OF APPEALS

LEONARD TANIKOWSKI,

Plaintiff-Appellant,

v

THERESA JACISIN and CHRISTOPHER SWITZER,

Defendants-Appellees.

UNPUBLISHED
August 9, 2016

No.  325672
Macomb Circuit Court
LC No.  2013-004924-NI

Before:  JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

Fort Hood, J. (*dissenting*).

I respectfully dissent.  I believe the trial court erred when it found that reasonable minds could not differ as to whether defendant Theresa Jacisin's negligent conduct was the proximate cause of plaintiff's injury.

As the majority explained, proximate or legal cause, at issue in this case, is a cause that, "in a natural and continuous sequence, unbroken by new and independent causes, produces [an] injury." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496; 668 NW2d 402 (2003), citing *McMillan v Vliet*, 422 Mich 570, 576; 374 NW2d 679 (1985).  I would hold that the events could be found to be an uninterrupted sequence of events.  Here, plaintiff was driving eastbound in the center lane of I-696.  It was early in the morning, dark, and the traffic was unusually heavy.  Plaintiff encountered Jacisin's vehicle parked without any lights on in the center lane, which blocked plaintiff's mode of travel.  Jacisin had been involved in a two-car collision that occurred 30 seconds to two minutes before plaintiff came upon the scene.  Vehicles in the left lane were still traveling 70 miles per hour, and there was a long line of vehicles in the right lane attempting to exit the interstate.

Plaintiff testified that he felt the best way to react when he encountered Jacisin's vehicle was to slow down to 5 to 10 miles per hour, and swerve right to avoid striking Jacisin's vehicle and to avoid potentially getting rear-ended by vehicles rapidly approaching behind him.  After swerving right, plaintiff suddenly saw the second vehicle, which was an overturned black SUV, without its lights on.  Plaintiff testified that he changed direction to avoid hitting the overturned SUV.  Plaintiff then drove left between the two wrecked vehicles, but it was dark, and the SUV was black.  As plaintiff had his head turned to the left in an attempt to re-enter moving traffic in the left lane, he struck the corner of the overturned SUV.  Plaintiff presented additional evidence

-1-

that supported his testimony. Natasha Emerson, who was an eyewitness at the accident scene, testified that it was dark when the accident occurred, and that it appeared there was no way for plaintiff to avoid the collision.

Based on the evidence presented, I believe a factual dispute exists whether plaintiff's harm was "a natural and continuance sequence, unbroken by new and independent causes," of Jacisin's negligence. *Wiley*, 257 Mich App at 496. Given the circumstances surrounding the accidents—two vehicles immobilized on the highway, in the dark, without lights—it was foreseeable that another vehicle would encounter the accident, especially with the amount of traffic on the road. Further, only a small amount of time had passed and plaintiff's accident was directly caused by the first accident, as opposed to an intervening event or act. While the majority concludes that plaintiff's conduct constituted an intervening act, which broke the chain of events, I believe a reasonable jury could also find that plaintiff's conduct was reasonable, particularly in light of the witness testimony he presented corroborating his position, as well as the short lapse in time that occurred between accidents.

Indeed, the trial court's decision and the majority opinion focus on plaintiff's fault or reasonableness in how he reacted to the initial collision. While plaintiff's decision to drive through two wrecked vehicles was arguably questionable with respect to his reasonableness, Jacisin's negligent conduct remains a substantial factor in plaintiff's resulting harm. *O'Neal v St John Hosp*, 487 Mich 485, 496-497; 791 NW2d 853 (2010). Jacisin cannot avoid liability for her negligence merely because plaintiff may have also been negligent in how he reacted to the initial collision. While comparative fault does require that every actor exercise reasonable care, *Zaremba Equipment, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 33; 761 NW2d 151 (2008), reasonableness is not an element of proximate cause and as such, would not negate a finding of proximate cause. Ultimately, though, even if plaintiff was more than 50% at fault, he may not be denied the opportunity of the jury first deciding the issue of proximate cause. Therefore, I would hold that the trial court erred when it granted defendants' motion for summary disposition.

I would also conclude that *Derbeck v Ward*, 178 Mich App 38, 42; 443 NW2d 812 (1989), and *Deaton v Baker*, 122 Mich App 252, 254; 332 NW2d 457 (1982), two cases on which the trial court relied, were factually and legally distinguishable from the present case. Besides the fact that these cases are not binding, MCR 7.215(J)(1), and analyze cause in fact ("but for" cause), as opposed to legal, or proximate, causation, *Craig v Oakwood Hosp*, 471 Mich 67, 86-87; 684 NW2d 296 (2004), there were also significant factual distinctions. Significantly, there was a larger time lapse between accidents in those cases. In addition, both the plaintiffs in *Deaton* and *Derbeck* were involved in the first accident, and had actually exited their vehicles. *Deaton*, 122 Mich App at 254; *Derbeck*, 178 Mich App at 42-43. Although the majority does not rely on these cases in making their decision, I note that I would hold that these cases were distinguishable.

Additionally, I would also conclude that there was a question of fact whether Jacisin's post-accident conduct constituted negligence. Both the *Derback* and *Deaton* Courts remanded for consideration of whether the negligent party's post-accident actions constituted negligence, such as failing to activate emergency lights and leaving a disabled vehicle in the roadway. *Deaton*, 122 Mich App at 254; *Derbeck*, 178 Mich App at 45. Here, plaintiff amended his complaint to include allegations that Jacisin failed to activate her emergency flashers, failed to

remove the vehicle from the center lane, and failed to alert oncoming motorists of the overturned vehicle ahead of her. The trial court found that plaintiff failed to establish a question of fact regarding these allegations. The court held that "there is no testimony that [Jacisin] had any time to remove the vehicle from the center lane before plaintiff arrived at the scene." Here, Jacisin did not have lights, emergency or otherwise, activated, despite the fact that her vehicle was immobilized in the highway and it was dark. While, as the trial court held, there was no evidence that Jacisin had time to remove her vehicle, there was also no evidence that Jacisin did not have time to remove her car or activate her lights, an allegation unaddressed by the trial court. Thus, viewing the evidence in the light most favorable to plaintiff, I would conclude that there was a question of fact whether Jacisin's post-accident conduct constituted negligence.


/s/ Karen M. Fort Hood